**GUINN et al. v. SECURITY STATE BANK OF SHAWNEE.**

No. 9343—Opinion Filed Nov. 19, 1918.

Rehearing Denied Dec. 31, 1918.

(176 Pac. 898.)

**1. Usury—Existence—Enforcement — Purging of Usury.**

An obligation once usurious is always usurious so long as its original existence continues; but an indebtedness tainted with usury may be purged of the usury, and, when evidenced by a new, different, and clean instrument, will be enforced by the courts.

**2. Same—New Obligation—Enforcement.**

Where the usurious obligation is, with the full knowledge and consent of the borrower, finally canceled or abandoned, and a new obligation, containing no part of the usury, is executed in legal form, and supported solely by the moral obligation resting upon the borrower to pay the money actually received, with legal interest thereon, such new obligation is valid and enforceable.

**3. Same — Credit of Amount of Usury — Agreement to Purge Usury—Validity.**

The mere credit or indorsing upon a usurious instrument the amount of the usury cannot free it from usury, since the original obligation still exists. Nor will the mutual agreement that such a credit shall be regarded as purging the usury be operative.

(Syllabus by Galbraith, C.)

Error from District Court, Lincoln County; Chas. B. Wilson, Jr., Judge.

Action by the Security State Bank of Shawnee against W. T. Guinn and Rosie Guinn. Judgment for plaintiff, and defendants bring error. Reversed, and remanded for new trial.

See, also, 74 Okla. 102, 168 Pac. 804.

Erwin & Erwin, for plaintiffs in error.

Baldwin & Carlton, for defendant in error.

Opinion by GALBRAITH, C. This was an action by the defendant in error to recover the balance due on a promissory note

executed to it by the plaintiffs in error, and to foreclose the real estate mortgage to secure the same. The defense was that the balance due upon the note represented usurious interest which had been paid and contracted to be paid the bank.

A reply was filed admitting that usurious interest had been contracted and paid, but it was alleged that this had been composed by the written agreement of the parties entered into after the execution of the note and mortgage whereby the indebtedness had been credited with the sum of $100, and the defendant's attorney had been paid $10 for his services in effecting such settlement; that such payment was by the terms of said agreement an express waiver of the claim of usury.

The cause was submitted to the court and a jury upon the issues thus formed. At the trial the defendants offered to prove that their transactions with the bank had extended over a number of years, and that with each loan made at the bank during all the time of their dealing with it a usurious rate of interest had been charged, in some instances as high as 20 per cent., and that the charges of usurious interest were carried forward and included in the note sued upon in this action; that all of the money borrowed at the bank had been repaid and $100 in excess thereof; that the note sued upon represents no part of the principal sum borrowed of the bank by the defendants, but consisted entirely of usurious interest charged. This offer of proof was denied.

At the close of the evidence the court instructed the jury to return a verdict for for the plaintiff in the sum of $107. Upon this verdict the court entered judgment for that sum and costs, and foreclosing the real estate mortgage and directing an order of sale, etc.

It is urged here by the plaintiffs in error that the court erred in excluding the offer of proof, and in directing the verdict, inasmuch as the proof offered would have established the fact that the balance due on the note for which the judgment was entered represented usurious interest, and, under the law, was not enforceable, since the Constitution and the statutes provide that usurious interest collected and contracted should be forfeited; that, it having been admitted that the note in suit was tainted with usury, it could not be disinfected in the method and manner shown, that is, by indorsement of the credit on the usurious contract although such indorsement was made with the consent and approval of the defendants; and that the denial of the offer of proof made and the direction of the verdict by the court were prejudicial errors for which the cause should be reversed and a new trial ordered. This contention seems to be supported by the authorities. In 39 Cyc. p. 1002, the rule announced is as follows:

"It is a settled principle that an obligation once usurious is always usurious so long as its original existence continues; but it is also true that an indebtedness tainted with usury may be purged of the usury, and, when evidenced by a new, different, and clean instrument, will be enforced by the courts."

It is not contended in the instant case that a new note and mortgage were taken after this agreement in regard to the amount of the usury had been entered into by the parties, but it appears that the usurious note was indorsed with the credit, and this "unclean" note is the basis of the present action.

Again the same authority continues in paragraph 2 on page 1002:

"The general principle determining when an indebtedness infected with usury is to be deemed disinfected may be stated as follows: If the tainted obligation is, with the full knowledge and consent of the borrower, finally canceled or abandoned, and a new obligation, containing no part of the usury, is executed in legal form, and supported solely by the moral obligation resting upon the borrower to pay the money actually received with legal interest thereon, such new obligation is valid and enforceable. But so long as the original usurious obligation continues to exist, based upon a consideration in which usury inheres, the taint of usury persists, whatever be the form which the subsequent dealings of the parties may cause it to assume, and even though new parties may have been introduced, or the borrower allowed to assume a different relation to the security affected with the usury."

And also:

"The mere crediting or indorsing upon a usurious instrument the amount of the usury cannot free it from the usury, since the original obligation still exists. Nor will the mutual agreement that such a credit shall be regarded as purging the usury be operative."

In Warwick v. Marlatt et al., 25 N. J. Eq. 188, the third paragraph of the headnote reads:

"An agreement between the holder of a usurious mortgage and the mortgagor that, in consideration of a deduction allowed the latter by the former in the settlement of

certain debts due him from the mortgagor, the mortgage should be regarded as purged of usury, will not remove the taint so long as the mortgage remains in the same hands."

Under these authorities, the note and mortgage in suit, being tainted with usury, and not having been purged thereof, were not enforceable, and, if the evidence had supported the offer of proof made, namely, that the balance claimed on the note represented no part of the principal sum borrowed from the bank, but was composed entirely of usurious interest charges contracted to be paid, then the plaintiff had no enforceable demand, and judgment should have been directed for the defendants.

The errors assigned are well taken, and the cause should be reversed and remanded for a new trial.

By the Court: It is so ordered.