## VOSE v. U. S. CITIES CORPORATION.

No. 20697. Opinion Filed Oct. 13, 1931.

Rehearing Denied Nov. 24, 1931.

Wilson & Wilson, for plaintiff in error.

Fred L. Hoyt, Roger L. Stephens, Howard B. Hopps, and W. F. McLaury, for defendant in error.

McNEILL, J. This is an appeal from the district court of Creek county. The parties will be referred to as they appeared in the trial court: R. A. Vose, plaintiff in error, as plaintiff, and U. S. Cities Corporation, defendant in error, as defendant.

This action was originally filed in the office of the court clerk of Creek county on May 10, 1927, to recover a judgment in the sum of $57,920.70, upon a series of promissory notes past due and to foreclose a mortgage given to secure the same upon an un-

divided one-half interest in certain oil and gas leaseholds on producing oil lands in Creek county, Okla. Said notes and mortgage were executed on April 27, 1925, in the amount of $130,000; the notes being made payable by defendant corporation to "Ourselves" and indorsed on the back thereof by defendant corporation and the plaintiff and delivered to the First National Bank of Oklahoma City.

Plaintiff after accounting for the oil runs from said leases, which were applied on said notes, sought to foreclose his lien thereon for the balance due on said notes.

The defendant, U. S. Cities Corporation, by its answer and cross-petition, admitted the execution of said notes and mortgage. In avoidance of its liability on said notes said defendant alleged that the same were executed in pursuance of a conspiracy on the part of the officers of the defendant corporation, the American National Bank of Oklahoma City, the First National Bank of Oklahoma City, and the plaintiff to obtain and retain illegal and unlawful usury, arising out of an original loan in the sum of $300,000 made on June 4, 1923, and a renewal of the balance due on said original loan made on March 31, 1924, and contending that by said conspiracy said defendant did not receive all of the proceeds of said loan of $130,000, but that the proceeds of said loan were disbursed by plaintiff illegally and fraudulently without authority from the defendant corporation, and that out of said loan of $130,000 the aforesaid usury was unlawfully paid by plaintiff.

The plaintiff in his reply, among other things, pleaded settlement and compromise of the alleged usurious action set up by defendant in its cross-action; that defendant was estopped from making a plea of usury by reason of a previous settlement; and that the defendant's action for usury was barred by the two years' statute of limitation.

The case was tried before a jury and the verdict was rendered in favor of the defendant for $28,246.78. Motion for judgment notwithstanding the verdict and motion for new trial were filed. The same were overruled and an appeal was properly lodged in this court.

From the record it appears that, in April or May, 1923, the defendant, the U. S. Cities Corporation, purchased an undivided one-half interest in two oil and gas leases known as the Deere and Barney leases in Creek county from the Roland Oil Company. W. E. Brown at that time was president of said

defendant corporation and received from the said Roland Oil Company the sum of $25,000, as a commission for negotiating the sale of said leases to the defendant corporation. At this time the American National Bank of Oklahoma City owned certain worthless bonds of the Great American Refining Company, which amounted at that time to $32,493.36. W. E. Brown had sold these bonds to said American National Bank and indorsed the same with recourse on him. W. E. Brown at that time was insolvent and afterwards adjudged a bankrupt.

To finance the sale of said leases from the Roland Oil Company, the defendant corporation, on May 31, 1923, negotiated with the said American National Bank a loan of $300,000 through said W. E. Brown acting for the defendant corporation, and executed the notes heretofore referred to and secured the same by an assignment of said leases, which assignment was also in the nature of a mortgage. The American National Bank, in addition to the eight per cent. interest charged in said notes, retained from the proceeds of said loan the sum of $17,506.64 as discount and the sum of $32,493.36 to pay said bonds of the Great American Refining Company, being a total sum of $50,000, as a condition precedent to the making of said loan. The bank received the oil runs from the leases and the payments on the notes were reduced from time to time until, on March 31, 1924, the renewal notes were executed in the sum of $190,000 for the balance due. This sum includes an additional bonus of $9,500 received by the American National Bank. The notes continued to be liquidated until on or about April 27, 1925, when the American National Bank claimed a balance due on said notes of approximately $55,000, and had placed the same in the hands of its attorney for collection. The record also shows that it was about this time that the defendant corporation, through its attorneys, prepared a suit against said bank to be filed in the United States District Court of the Western District of Oklahoma to recover usurious interest charges made by said bank on said $300,000 loan and the attorneys for defendant corporation took the matter up with the bank and its attorney.

As a result of this negotiation, said suit was not filed, but an agreement was entered into with the defendant corporation and the American National Bank regarding a new loan. Under this arrangement a loan was negotiated for $130,000. The bank referred the defendant corporation to R. A. Vose, the plaintiff herein, and it appears that R. A. Vose entered into a written contract with the officers of the defendant corporation to represent said defendant as its agent in negotiating said loan and in the sale of its notes issued therein, and also agreed to indorse and guarantee the payment of said notes, although defendant contends that the officers of defendant corporation, the American National Bank, the American National Company, and plaintiff knew that there was no sum due the holders of said notes, and that the then officers of said defendant corporation conspired with the holders of said notes and with plaintiff to make this new loan of $130,000 with the corrupt knowledge of the inclusion in said notes of a sum of money not due or owing by said defendant corporation to the holders of said notes in the sum of approximately $55,000. However, under said contract there was paid to plaintiff $3,900 for his services. This commission was divided with Frank P. Johnson, president of the American National Bank, and the defendant corporation executed its notes totaling the sum of $130,000 payable to "Ourselves." These notes were indorsed by the defendant corporation and by R. A. Vose, and the loan of $130,000 was obtained from the First National Bank of Oklahoma City, and as security for the payment of same plaintiff took a mortgage or assignment of said oil and gas mining leases and other securities.

Before the loan was concluded, the defendant corporation entered into a contract with the American National Bank, and the American National Company, a subsidiary of the American National Bank, by which said defendant corporation acknowledged satisfaction of all of its claims against said American National Bank arising from the disbursement and disposition of the proceeds of said loan of $300,000, and said defendant corporation furnished a resolution of its board of directors authorizing the making of said contract. Defendant contends that R. A. Vose improperly and unlawfully disbursed said $130,000 without the authority of the board of directors, but only upon the written authority of the secretary of the defendant corporation, and that said defendant corporation did not receive any of the funds or benefits of this loan.

R. A. Vose, the plaintiff, was an officer, director and stockholder in the American National Bank and the American National Company. All of the stockholders in the American National Bank are stockholders in the American National Company. The Amer-

ican National Company was a subsidiary of the American National Bank. The Western Company was controlled by C. A. Vose, a son of plaintiff, and W. E. Hightower, a son-in-law of Johnson, was associated with plaintiff in the American National Bank. The Empire Building Company was owned by plaintiff, R. A. Vose, who was president, and also by Frank P. Johnson, who was president of the American National Bank. Frank P. Johnson was secretary-treasurer of the Empire Building Company and this company was associated with the American National Bank. Frank P. Johnson at times represented at the same time and in the same transaction the American National Bank, the Western Company, and the Empire Building Company. Hugh Johnson was president of the First National Bank and is also a brother of Frank P. Johnson. At the time of making the original loan of $300,-000 on April 24, 1923, W. E. Brown was president of the defendant, U. S. Cities Corporation. At the time of making the original loan of $130,000, B. F. Everett was president.

On April 27, 1925, the date of the execution of the notes sued on, the defendant corporation had paid on said notes of $300,-000 the total sum of $245,000, and contends that said notes were fully paid and that the balance due thereon, as contended for by plaintiff, represented usurious interest charges.

The oil runs from the mortgaged property were applied on the notes, and at the time of the trial the plaintiff claims that the indebtedness had been reduced to the following items, to wit:

Balance due on notes sued upon $34,502.00
Sautbine judgment lien _____ 2,703.63
Attorney's fee _____ 5,709.27

Defendant contends that the item of $32,-493.36 paid out of said original loan to take up the bonds of the Great American Refining Company, the item of discount of $17,-506.64 taken out of the original loan by the American National Bank, and the additional charge of the American National Bank made at the time of renewing said original loan in the sum of $9,500, were usurious charges, and that the sums paid by plaintiff out of the loan of $130,000 to the American National Bank in the sum of $29,720 to its subsidiary companies, the Empire Building Company, in the sum of $30,213.33, and to the Western Company in the sum of $536.76, were wrongfully paid out by plaintiff, for which he should be held liable.

Plaintiff also contends that even though said charges were usurious the loan last made was not a renewal loan and that plaintiff is not liable.

Plaintiff assigns numerous errors in his petition in error which may properly be considered under the following:

"The trial court erred in granting the defendant a jury trial over the objection and exception of the plaintiff.

"The trial court erred in substituting another and different penalty to that provided by the United States statutes for the alleged violation of the usury laws of the United States by a national bank.

"The trial court erred in refusing to hold, as a matter of law, that there had been a complete settlement and compromise between the parties of the alleged usurious action set up in the defendant's cross-petition.

"The trial court erred in refusing to hold that the alleged cause of action set up in the defendant's cross-petition was completely barred by the statute of limitation.

The court submitted the main issue in its instruction No. 7, which is as follows:

"Gentlemen of the jury, the defendants have filed in this cause their answer and cross-petition, wherein they alleged, in substance: That the plaintiff, together with the former officers of the defendant company, entered into a conspiracy to defraud said corporation in connection with the negotiation of this loan; that in the furtherance of said conspiracy usury was charged by the bank, and that they were defrauded out of an opportunity to bring an action for recovery of said usurious interest; and alleging further that it was a part of said conspiracy that the said R. A. Vose, plaintiff herein, was to and did disburse the proceeds of the $130,000 obtained from said loan illegally and fraudulently and without proper authority from the defendant corporation, and that the defendant corporation received practically no benefit, if any, from the benefit of said loan.

"In this connection, you are told that the court, as a matter of law, has taken from the consideration of the jury all of the questions with reference to their cause of action of usury and all of the questions raised by the defense in their pleadings and proof, except the question as to whether or not they were, by reason of said alleged conspiracy, defrauded out of their cause of action against the American National Bank, in the sum of $32,000; also, the question as to whether or not the plaintiff did wrongfully and without authority of law pay out of the said $130,000 loan the sum of $29,-720 to the American National Bank for the six $5,000 notes, less the interest paid in

advance; also, the $30,213.33 paid to the Empire Building Company; also $536.76 paid to the Western Company.

"In this connection, you are told that the defendant claims that by reason of the illegal disbursement of the last three mentioned items, that they are entitled to judgment against the plaintiff for the total sum of said last three mentioned items, together with interest thereon at the rate of six per cent., and that the same should be a set-off or counterclaim to any amount the plaintiff is entitled to recover in this suit, if any.

"And, in this connection, you are told, gentlemen of the jury, that if you find and believe from the testimony that the plaintiff, Vose, under the terms of his contract, was the agent of the defendant for certain purposes, and was to act as trustee for their property, yet he would not be authorized in making the expenditures of the above-mentioned items without proper authority from the board of directors of the defendant company, by way of a resolution authorizing the disbursement of the same, unless you should find that the defendant company derived the full benefit of said disbursements, or, unless you should find that they were legitimate claims against said company and the plaintiff, in good faith, found it necessary that they should be paid by the plaintiff in order to secure a first mortgage lien upon the leasehold interest of the defendant involved in this controversy, and upon which he made the loan of $130,000 on April 27, 1925.

"Therefore, you are told that, if you find and believe from the testimony in this cause that the plaintiff, Vose, did, without authority from the directors of said company, pay out and disburse to the American National Bank the sum of $29,720, to the Empire Building Company the sum of $30,213.33, and to the Western Company the sum of $536.76, or any portion of the above-named items, and you further find that the defendant company derived no benefit from the disbursement of such funds, or some portion thereof, then it would be your duty to give the defendant company judgment for such sum as you find it is entitled to receive under the foregoing instruction.

"On the other hand, if you find and believe from the testimony in this cause that the plaintiff, Vose, was authorized by a proper resolution from the defendant company to make such disbursements, or should you fail to find that he was authorized by said company to make the disbursements, but further find that the defendant company received the benefit of such disbursements and was benefited thereby to the extent of such disbursements, or should you find that the plaintiff, acting as trustee for the defendant, was forced to go and did in good faith pay off said amount in order to procure a first mortgage lien upon the leasehold interest in-volved in this controversy, then and in that event the defendants cannot recover."

Plaintiff urges that the trial court erred in submitting another and different penalty than that provided by the United States statutes for the alleged violation of the usury laws of the United States by national banks, and that the penalty provided for usury paid by a national bank by the United States is exclusive.

Section 5197, U. S. Statutes (U. S. C. A.), Title 12, page 167, fixes the rate that a national bank may take, receive, reserve, and charge to be that which may lawfully be contracted under the laws of the state where the bank is located.

Section 5198 (U. S. C. A.), Title 12, page 171, provides the penalty for the violation of the above statute, and is as follows:

"The taking, receiving, reserving or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same. Provided, that such action is commenced within two years from the time the usurious transaction occurred."

Under said section of the statute there are two separate classes of cases contemplated: First, those cases wherein usurious interest has been taken, received, or charged, in which there shall be a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. Second. In case usurious interest has been paid, the person may recover back twice the amount paid to the association taking or receiving the same, provided such action is commenced within two years from the time the usurious transaction occurred.

Counsel for plaintiff insist that when usurious interest is paid to a national bank, there can be no recovery except by separate action, and that such remedy is exclusive. However, in the case at bar, the issue submitted to the jury under the court's instruction No. 7 was whether the plaintiff had conspired to defraud defendant out of certain sums of money, which were usurious charges, and whether in view of that conspiracy plaintiff disbursed the same without authority, which were not just obliga-

tions of the defendant and for which the defendant received no benefit. The court did not submit to the jury the question of recovery of usury by the defendant in the nature of an offset. The only reason for determining the question of usury was for the purpose of determining whether the claims paid by Vose were enforceable claims against said defendant corporation at the time said plaintiff paid the same.

Counsel for defendant, state that, inasmuch as the interest has been forfeited by law, it cannot be collected in a suit upon the original obligation and the statute may be pleaded in defense whenever a suit is instigated, and that this defense is not limited by the two years' limitation under the second subdivision of said statute.

It is the theory of the defendant that the original loan and the first renewal thereof was not made solely by the bank, but the loan was made jointly by the bank, the Western Company, and the Empire Building Company. We are of the opinion that this record justifies this contention. The Empire Building Company took $135,000 of the notes, and the Western Company took $30,000 of the notes. The notes were not taken originally by the bank and assigned to these companies, but these companies loaned direct to this defendant.

In the case of Schuyler National Bank of Schuyler, Neb., v. James Gadsden, 191 U. S. 451, 48 L. Ed. 25, 24 Sup. Ct. Rep. 129, the Supreme Court of the United States held that a controversy respecting usurious interest paid on a note held by a national bank, arising in a suit to foreclose a mortgage, is governed by the federal law on the subject of usury by national banks, as expressed in U. S. Rev. Stat. sec. 5198 (U. S. Comp. Stat. 1901, p. 3493), and where usurious interest had been paid to said national bank, that the same could not be asserted as a defense in a suit to foreclose the mortgage which had been executed to an individual for the benefit of the bank.

This action, however, is not between the defendant and the American National Bank. The plaintiff in this case is the assignee of the notes and mortgage and the jury found that plaintiff took the same with the knowledge that they were tainted with usury, and, as the original contract was binding on him, the defendant in his counterclaim seeks to hold him liable for unlawfully paying the usurious interest charged. In the case at bar plaintiff is maintaining this action as an individual and not on behalf of the bank. Each of the aforesaid contract loans contemplated for the payment of usurious interest, and plaintiff cannot be heard to deny the effect of his own contract. We are of the opinion that this assignment of error is not applicable.

Counsel for plaintiff also urge that there was a settlement and compromise of the usurious transaction. The plaintiff's reply pleads settlement and compromise of the usurious transaction complained of in defendant's cross-petition.

From the record it appears that prior to the date of the Vose loan, April 27, 1925, the defendant was threatening the American National Bank, through its attorneys, with a usury suit. The American National Bank and its trustee, the American National Company, held a mortgage on the property in question. Said bank would not release the mortgage until this debt was paid. A written agreement was thereafter entered into by the parties herein by purporting to settle all matters in controversy. Before the agreement was executed the board of directors of the defendant corporation expressly authorized the same, in writing, and an effort was made to have a full and complete adjustment between the bank and its trustee, the American National Company, and the defendant, the U. S. Cities Corporation, of the matters and disputes set up by the defendant in its counterclaim in the present action. Counsel for defendant claims that there was nothing in the contract to purge the same of usury and that it was nothing more than a new promise to pay the usury.

By charging the payments made on the notes to the principal, all the principal had been paid and nothing was left unpaid but a part of the forfeited interest. Counsel contend that this contract could not be said to be a new and clean instrument. Counsel for plaintiff on the other hand contend that the loan of $130,000 was a new transaction had with Vose and the First National Bank and the proceeds of this loan were used to take care of the old obligations.

39 Cyc. 1005:

"If the renewal of a usurious note be made to a new party who takes the obligation with full knowledge of the usury in the original note, such renewal is usurious in his hands."

This court in the case of Guinn v. Security State Bank of Shawnee, 74 Okla. 102, 176 P. 898, states:

"An obligation once usurious is always usurious so long as its original existence continues; but an indebtedness tainted with

usury may be purged of the usury, and when evidenced by a new and different and clean instrument, will be enforced by the court.

"Where the usurious obligation is, with the full knowledge and consent of the borrower, finally canceled or abandoned, a new obligation, containing no part of the usury, is executed in legal form, and supported solely by the moral obligation resting upon the borrower to pay the money actually received, with legal interest thereon, such new obligation is valid and enforceable."

In the case of Cotton v. Thompson, 159 S. W. 455, the Civil Court of Appeals of the State of Texas states:

"Each payment made on a contract affected with usury is a payment upon the principal applied by law, notwithstanding it was paid and received as payment of interest."

Applying the foregoing rules announced, it is manifest that there was evidence before the jury that the part of the old loan unpaid on April 27, 1925, in the sum of $55,000 was a usurious interest charge.

In the case at bar, the plaintiff pleads in substance that he acted as agent for the defendant in negotiating and selling the loan of $130,000 to the First National Bank of Oklahoma City, and in order to sell the notes to the bank indorsed the same, and that the only compensation he received for such services was $3,900 paid him by the defendant. The defendant alleges in his answer and cross-petition that the plaintiff negotiated the loan in question as the agent of the American National Bank and with full knowledge of the usurious charges made in the original loan and that the collection of such usurious interest charges was the primary purpose which induced him to make the loan of $130,000; and defendant further contends that plaintiff concealed the fact of said agency and acted in conspiracy with the American National Bank and the First National Bank, and the whole procedure by which such loan was made was merely a cloak to cover usury. The jury found that the evidence supported the allegations of the defendant's answer and cross-petition, and we see no good reason for disturbing the same.

This court in the case of Porter v. Rott, 116 Okla. 3, 243 P. 160, said:

"Where a claim is made that usury has been charged, and that the usurious charge is evidenced by a collateral agreement intended as a cloak for such usurious transaction, as, for instance, the charging of a commission by the lender, the question as to whether such collateral agreement or such commissions were taken or reserved with the intent to charge a higher rate of interest than that allowed by law, and whether said transaction was a cloak or device to evade the law against usury, is a question of fact for the jury, or the court sitting as a jury."

Counsel for plaintiff urge that the allegation of the defendant's cross-petition and the evidence supporting the same relative to the plea of usury is barred by the statute of limitation. Section 5098, C. O. S. 1921, provides for a set-off or counterclaim for double the interest charged or reserved. In the case of Mires v. Hogan, 79 Okla. 233, 192 P. 811, this court states:

"The amendatory act of March 4, 1916, not only makes the penalty for charging or receiving usurious interest a defense by way of set-off but also makes it a good counterclaim, in the action to recover the debt. As a set-off or counterclaim it falls under the provisions of the Code of Civil Procedure, and the saving clause of section 4746, R. L. 1910, thereof providing that a set-off or counterclaim 'shall not be barred by the statutes of limitation until the claim of the plaintiff is so barred."

7 C. J. 824:

"The defense of usury may be set up in any court to defeat the recovery of interest."

7 C. J. 826:

"Where a national bank contracts for interest at a usurious rate, it immediately forfeits all interest, and unappropriated payments by the debtor must be first applied to the principal, so that as long as any part of the principal remains unpaid there is no payment of usurious interest subjecting the bank to a forfeiture of twice the amount received."

7 C. J. 825:

"The statutory limitation of two years for proceeding to recover back double the amount of usurious interest paid is not applicable, where usury is set up as a defense to defeat recovery of interest by the bank, but such defense may be set up whenever such recovery is sought."

In the case of McCarthy v. Rapid City First National Bank of South Dakota, reported in 223 U. S. 493, 56 Law Ed. 523, 32 S. Ct. Rep. 240, the Supreme Court of United States says:

"National banks are prohibited from making usurious contracts. If they disregard its provisions, the law not only furnishes a defense, but gives a right of action. As to the defense there is no statute of limitations. Whenever sued, the debtor may plead the usurious contract and be relieved from paying any interest whatever. * * *"

In the case at bar, the court did not sub-

mit to the jury the question of recovery for usurious interest paid by the defendant, but whether plaintiff paid out certain items without proper authority, and which items were contended to be forfeited usurious interest in the original loan and not valid obligations. The court submitted to the jury the plaintiff's claim for the following items:

Balance due on notes sued upon__$34,502.00

Sautbine's judgment lien, _____ 2,703.63

Attorney's fee, _____ 5,709.27

In its brief the defendant points out that the jury allowed the plaintiff the first two items and disallowed anything for attorney's fee, being a total allowed plaintiff in the sum of $37,205.62 and that the jury allowed the defendant for the following items:

Paid by Vose to American National
Bank _____$29,720.00

Paid by Vose to Empire Building
Company _____ 30,213.33

Paid by Vose to the Western Company _____ 536.76

Total _____$60,470.09

Interest, _____ 4,982.32

Total allowed Defendant ____$65,452.41

—the difference between the aforesaid amounts being $28,246.76, the amount of the verdict of the jury. These were proper items for the consideration of the jury under section 274, C. O. S. 1921, which provides in part:

"A set-off or counterclaim shall not be barred by the statute of limitation until the claim of the plaintiff is so barred."

In reference to the liability of plaintiff in the issue of conspiracy raised by the pleadings, and which the jury found to exist, this court stated in the case of Blasdel v. Gower, 70 Okla. 178, 173 P. 644, as follows:

"When a conspiracy is shown to have existed for the accomplishment of an object, each of the conspirators participating in such conspiracy are responsible for the acts of any one of the said conspirators done in furtherance of such conspiracy."

Even though the plaintiff may not have received any benefit from the usurious interest charged, nevertheless he would be liable for the loss suffered by defendant, if he entered into the conspiracy as alleged by the defendant in its answer and cross-petition.

In the case of Revert v. Hesse, 184 Cal. 295, 193 P. 943, the Supreme Court of California states:

"To make a conspirator liable for damages for the wrong done pursuant to the conspiracy, it is not necessary that he should have received or expected benefit from the wrongful act."

Counsel also urge that the trial court erred in granting the defendant a jury trial over the objection and exception of the plaintiff, contending that defendant was not entitled to a jury in real estate lien foreclosure cases wherein a personal judgment was not sought.

In the case of Gamel v. Hynds, 69 Okla. 204, 171 P. 920, the court states in the first paragraph of the syllabus as follows:

"In cases of equitable cognizance, the judge may call a jury or consent to one for the purpose of advising him on questions of fact, and he may adopt or reject their conclusions."

In this case the defendant may not have been entitled as a matter of right to a trial by jury, but it was discretionary with the court to call a jury, and the court in such cases may treat the verdict of the jury as advisory by adopting or rejecting the same.

If a case is of equitable cognizance in the first instance, neither plaintiff nor defendant is entitled to a jury as a matter of right regardless of the nature of the cross-petition filed. Newbern v. Farris, 149 Okla. 74, 299 P. 192.

Counsel for plaintiff make other assignments of error which we have considered, and we conclude that the same are without merit.

From an examination of this entire record, we are of the opinion that the court submitted the issues to the jury under proper instructions, and finding no reversible error, the judgment of the trial court is hereby affirmed.

CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, and KORNEGAY, JJ., concur. LESTER, C. J., and HEFNER, J., not participating. ANDREWS, J., dissents.