### MURPHY et ux. v. FIDELITY INV. CO.

No. 21373. Opinion Filed Dec. 20, 1932.

E. M. Connor, for plaintiffs in error.

Yancey, Spillers & Fist, for defendant in error.

HEFNER, J. This is an action in replevin brought in the common pleas court of Tulsa county by Fidelity Investment Company, a corporation, against James R. and Eula C. Murphy, to recover a quantity of household furniture. Plaintiff claimed a lien thereon by virtue of a chattel mortgage to secure a note for $845, executed by defendants. Defendants answered by way of a general denial and also pleaded usury; and by way of counterclaim sought to recover the sum of $250, because of alleged usury reserved and charged by plaintiff; and tendered plaintiff the sum of $327, which amount, together with the penalty they claimed due them for usury, would extinguish the lien. Trial was to a jury, and, at the conclusion of the evidence, the trial court, on motion of plaintiff, directed the jury to return a verdict in its favor. In accordance with this instruction, the jury returned a verdict in favor of plaintiff, and judgment was entered thereon accordingly.

Defendants assert that the evidence was sufficient to submit to the jury the question of whether usury was charged. The evidence was that the $845 note sued on was given in renewal of two prior notes; one for $750 executed by defendants to Rose Brin June 20, 1927, and the other for $400 executed to Zilda Paschal November 29, 1927. Both notes drew 10 per cent. from date and were thereafter indorsed without recourse to plaintiff. Both of the loans were negotiated through plaintiff. On the $750 loan, plaintiff retained $75 commission, and paid defendants the sum of $675; and on the $400 loan, it retained a $50 commission, and paid defendants the sum of $350. It is contended by defendants that the $125 reserved from these loans by plaintiff must be computed as interest, and that so computed the transactions are usurious.

Plaintiff urges that it was employed by defendants as their agent to procure the loans and they signed a written contract to that effect, in which they agreed to pay the commission of $75 for procuring the $750 loan, and $50 for procuring the $400 loan. The record discloses that defendants signed the written agency contract as contended by plaintiff. If the transactions were entered into in good faith by the plaintiff and defendants, whereby defendants employed plaintiff as their agent to procure the loans, and agreed to pay it a commission therefor, and plaintiff did not, in fact, itself make the loans to defendants, but procured them from third parties, it would be entitled to charge the commission mentioned in the contracts, and such charge would not render the transactions usurious. Calloway v. State ex rel., 117 Okla. 43, 246 P. 873. If, on the other hand, the loans were, in fact, made by plaintiff to defendants and it required them to enter into an agency contract as a mere cloak to avoid the usury statute, then the commissions retained must be considered as interest and render the transactions usurious.

In the case of Vose v. U. S. Cities Corp., 152 Okla. 295, 7 P. (2d) 132, it is said:

"Where a claim is made that usury has been charged, and that the usurious charge is evidenced by a collateral agreement intended as a cloak for such usurious transaction, as, for instance, the charging of a commission by the lender, the question as to whether such collateral agreement or such commissions were taken or reserved with the intent to charge a higher rate of interest than that allowed by law, and whether said transaction was a cloak or device to evade the law against usury, is a question of fact for the jury, or the court sitting as a jury."

To the same effect is the case of Porter v. Rott, 116 Okla. 3, 243 P. 160.

Defendants testified that it was their understanding that they made the loans direct with plaintiff; that they knew nothing of third parties to whom the notes were executed; that when the notes were presented to them to sign, they inquired of plaintiff the reason the notes were not made payable to it, to which plaintiff replied that it was its custom in handling its business to make notes payable to third parties. The record also shows that after these notes were executed they were indorsed to plaintiff without recourse by the payees thereof. We think this evidence sufficient to take the case to the jury on the question of good

faith of plaintiff in retaining the amounts charged as commissions.

The record further shows that at the time the original notes were executed, in order to secure the same, defendants executed a second mortgage on some real estate in the city of Tulsa, and also executed a chattel mortgage on the furniture here involved. The holder of the first mortgage started proceedings in foreclosure and plaintiff filed a cross-petition in that action seeking to foreclose its second mortgage, and also filed an action in the court of common pleas to foreclose its chattel mortgage. Defendants then found a purchaser for the real estate upon which the mortgages were executed. The first mortgage was satisfied and $300 was paid to plaintiff herein to release its second mortgage. The suit to foreclose the chattel mortgage was also dismissed, and the $845 note here involved was executed by defendants and a chattel mortgage on the furniture executed to secure the same.

When the suits were filed by plaintiff to foreclose the two original notes, defendants in this action did not plead usury. Plaintiff contends that, not having pleaded usury in those actions and having compromised the same by the execution of the new note and permitted these causes of action to be dismissed without having pleaded usury, they are now estopped to plead usury in this action. This contention has been decided against it in the case of Bean v. Rumrill, 69 Okla. 300, 172 P. 452. It is there said:

"A judgment for the full amount of the principal and interest contracted for in a usurious transaction is not res adjudicata as to an action brought afterwards for the recovery of twice the usurious interest paid in satisfaction of such judgment."

Under this authority, the failure of defendants to plead usury in the foreclosure action does not estop them from recovering usury in this action.

Plaintiff further claims that defendants waived usury by executing renewal note. If no part of the alleged usury contained in the original notes was contained in the renewal note, this contention would be correct. Guinn v. Security State Bank. 74 Okla. 102, 176 P. 898. The record, however, shows that part of the alleged usury of the original notes is contained in the renewal note. Therefore, defendants, by executing the renewal note, did not waive their right to claim the alleged usury.

In the case of Ruby v. Warrior, 71 Okla.

82, 175 P. 355, the following rule is announced:

"Where a usurious promissory note was renewed by the execution and delivery of other notes, the usury in the first transaction is included in the subsequent ones; and where the debtor pays the renewal notes he is entitled to recover from the person receiving the same twice the amount of the interest so paid by him, including the interest carried by the first note in the renewal note. * * *"

To the same effect are Elson v. Walker, 80 Okla. 237, 195 P. 899; Vose v. U. S. Cities Corp., supra.

In the latter case, usury was in the original notes; renewal notes were executed and a mortgage given to secure the same; an action was brought to foreclose the mortgage; and it is there held that the makers of the renewal notes might, by counterclaim, recover double the amount of usury charged in the original notes, notwithstanding the execution of the renewal notes.

These cases dispose of the question adversely to the contention of plaintiff.

Other errors are assigned, but the view taken renders it unnecessary to discuss them.

Under the record, the court erred in directing the jury to return a verdict in favor of plaintiff. The judgment is reversed and the cause remanded for a new trial.

LESTER, C. J., and CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY and McNEILL, JJ., absent.

Note.—See under (2) annotation in 33 L. R. A. 634; 35 L. R. A. (N. S.) 72.