## POWELL v. SPENCE.

No. 23548.   Sept. 18, 1934.

John S. Robinson, for plaintiff in error.

Francis Stewart, for defendant in error.

CULLISON, V. C. J. L. F. Spence, as plaintiff, filed suit against D. E. Wilson and C. M. Powell, defendants, seeking to recover actual damages in the amount of $1,000 and punitive damages in the amount of $2,000. The record discloses that defendants formulated a plan for the sale of oil and gas products, and in so doing incorporated as the Universal Motor Service System. Said corporation procured a lease upon a retail station and operated the same for some period of time. Wilson and Powell were the principal organizers of said concern, and they approached plaintiff, who was a wholesale oil dealer, in regard to buying products from plaintiff for sale at their service station, and after certain meetings it was agreed between plaintiff and defendants that plaintiff would be taken into the concern upon the same terms with defendants upon his taking and paying for $1,000 worth of stock in the Universal Motor Service System. At the time of said conference defendants exhibited to plaintiff the stock book of the company showing that Powell and Wilson each were the owners of $1,000 of stock in said company; that they had paid for the same, and relying upon such representations plaintiff paid $250 in cash, for which he received $250 worth of stock, and furnished products to the amount of $750 for the operation of said service station, for which he later received the remainder of his $1,000 worth of stock. There is some conflict in the evidence, but it appears that neither of the defendants placed any amount of actual money in said concern. Wilson drew a salary for the operation of said concern, and after operating said business over a few months it failed because of lack of capital.

In this suit plaintiff seeks to recover damages from the defendants in the amount of the money invested in said concern, because of the representations made by defendants to plaintiff, whereby he was induced to invest his money in said concern, and which said representations, as made by defendants, were wholly false and known to be so by defendants, and that defendants conspired together to defraud plaintiff of his money. Upon the trial of said case before a jury, the jury returned a verdict for plaintiff in the amount of $1,000 actual damages, and the further sum of $1,200 as punitive damages, from which judgment defendant Powell appeals. Defendant Wilson does not appeal, and need not be further considered.

Defendant contends that the court erred in overruling his demurrer to the evidence of plaintiff. In the case of Federal Life Ins. Co. v. Firestone, 159 Okla. 228, 15 P. (2d) 141, this court held:

"In a law action a demurrer to the evidence, or motion for directed verdict, admits all the facts which the evidence in the slightest degree tends to prove, and all inferences or conclusions that may reasonably and logically be drawn therefrom."

See, also, Shannon Furniture Co. v. Federal Surety Company, 159 Okla. 205, 15 P. (2d) 22.

In the case at bar plaintiff submitted sufficient evidence to substantiate his case, and the decision of the trial court in overruling the demurrer to the evidence was proper.

Defendant's second contention is that the court erred in denying the motion of defendant for an instructed verdict. The rule announced by the court and cited, supra, in the Federal Life Insurance Company Case decides defendant's second contention adverse to defendant.

Defendant's last contention is that the court erred in overruling the motion of defendant Powell for a new trial, and urges thereunder that excessive damages appear to have been given under the influence of passion or prejudice.

Plaintiff sought to recover damages from defendants because of deceit and fraud practiced by defendants upon plaintiff. Defendants represented to plaintiff that they had each invested $1,000 in the company, and exhibited the stubs in the stock book as proof that each defendant had paid for and received $1,000 worth of stock in the company. Plaintiff invested in the company because he was deceived by the fraudulent representations made by defendants. The defendants had conspired together to defraud plaintiff. Plaintiff furnished practically all the assets that enabled the company to operate a short time and pay a salary of $250 per month to defendant Wilson. When the assets furnished by plaintiff were exhausted, the company failed. Defendants by their conduct actually and willfully entered into a conspiracy to defraud plaintiff, and by so doing obtained his money. They thereby became liable in damages for their doings. Hobbs v. Smith et al., 27 Okla. 830, 115 P.

347, and Blasdel v. Gower, 70 Okla. 178, 173 P. 644.

The jury found the amount of actual damages was $1,000, the amount of money plaintiff put in the company and lost. Exemplary damages may be recovered in such as the case at bar, and the jury fixed said amount at $1,200. Considering the conduct of defendants throughout said transaction, we do not consider the amount excessive, and each defendant became liable because of the conspiracy. Blasdel v. Gower, 70 Okla. 178, 173 P. 644, and Vose v. U. S. Cities Corporation, 152 Okla. 295, 7 P. (2d) 132.

The judgment of the trial court is affirmed.

RILEY, C. J., and McNEILL, OSBORN, and BUSBY, JJ., concur.