## BARSTOW v. CHAFFEE et al.

No. 15044—Opinion Filed Sept. 22, 1925.

**1. Appeal and Error — Review — Insufficiency of Evidence.**

A judgment in a law action tried to the court will be reversed on appeal, if there is not some competent evidence reasonably tending to support the same.

**2. Same.**

Record examined; held, to be insufficient to support judgment in favor of the defendants.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Alfalfa County; J. C. Robberts, Judge.

Action by J. B. Barstow against D. M. Chaffee et al. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

Titus & Talbot, for plaintiff in error.

E. W. Snoddy, for defendants in error.

Opinion by STEPHENSON, C. A written contract was entered into between J. W. Barstow and D. M. Chaffee and wife, whereby the latter agreed to purchase certain real estate from the first party for $11,200. The second parties agreed to assume the payment of a $4,000 mortgage and pay the remainder in certain named installments. It was further agreed that when the second parties paid the consideration, as above set forth, they should receive a merchantable title, except as to the $4,000 mortgage. The

Chaffees paid a total of $2,000 upon the consideration and certain other sums for the payment of interest on the mortgage and taxes upon the property. The second parties then failed to pay certain installments according to the terms of the contract. A different arrangement appears to have been entered into between the parties as to the contract. It is not necessary to detail the transaction, as a subsequent agreement was made. Thereafter the following agreement was entered into between the parties as evidenced by the interchange of letters; the substance of the contract being as follows: (1) That the Chaffees were to secure a mortgage for $2,000 upon the premises and pay the proceeds therefrom to Barstow; and (2) execute and deliver their note to Barstow for the sum of $3,000 indorsed by a certain named party; (3) the Chaffees were to assume and pay the $4,000 mortgage. The $2,000 previously paid, the $2,000 to be paid from the proceeds of the mortgage to be procured on the land, the $3,000 note, and the assumption of the $4,000 mortgage represented a consideration of $11,000, as the purchase price for the property. The first contract stipulated the time when the deed should be delivered, but did not state the time, if earlier than the time of the delivery of the deed, that the Chaffees should enter into possession of the property.

Barstow filed his action in the district court alleging the breach of the written contract first referred to herein, and prayed damages for the breach thereof against the defendants. The Chaffees filed their answer, wherein the new agreement was described, as evidenced by the letters interchanged between the parties, which letters set forth the agreement last referred to. The answer alleged a breach of the contract on the part of Barstow, as evidenced by the letters. The prayer of the answer was to the effect that Barstow be credited with certain rents, and that he be directed to pay the balance of the $2,000 received by him on the contract of purchase into court. The trial of the cause denied judgment for the plaintiff, and a further judgment was rendered against the plaintiff and in favor of the Chaffees for $1,200, as the remainder of the $2,000 paid on the contract of purchase, after being charged with certain rents. A portion of the judgment of the court is in the following language:

"The court after due consideration finds that the contract of sale set forth in the plaintiff's petition was mutually abandoned by both parties, and that the same should

be canceled, and that because of said abandonment, the defendants D. M. Chaffee and Bernice M. Chaffee are entitled to a return of the money paid to the plaintiff, in the sum of $1,200."

The plaintiff has appealed the cause here for review and assigns several errors as ground for reversal. The errors assigned in the main go to the question of the sufficiency of the evidence to support the judgment of the court.

The plaintiff described and attached a copy of the first contract described in his petition, which he alleged was a valid, existing contract between the parties and had been breached by the Chaffees. The plaintiff sought damages against the defendants for the alleged breach of the contract to purchase the real estate. The defendants answered by way of setting forth a subsequent contract, as having been made between the parties in lieu of the contract sued upon by the plaintiff. The effect of the defendants' answer was to deny the defendant had breached the contract sued on by the plaintiff, for the reason that a new contract had been made between the parties. The second contract as described by the defendants constituted a valid contract and became a substitute for the contract sued on by the plaintiff. The second contract arose out of, and in connection with, the matter covered by the first contract, and if the second contract was breached by the plaintiff, as alleged by the defendants, they would have been entitled to their judgment for any damages suffered from the alleged breach of the contract by the plaintiff.

The evidence of the plaintiff and the defendants is in sharp conflict and not altogether clear in relation to the acts of both parties concerning the second agreement. The letters pleaded by the defendants constitute a valid contract which became a substitute for the contract sued on by the plaintiff. Therefore, the plaintiff was not entitled to recover damages upon the contract pleaded against these defendants. The court appears to have tried the case between the parties, upon the theory that both parties had abandoned the contract sued on by the plaintiff, and as a consequence, the defendants were entitled to a return of the money paid to the plaintiff under the first contract, less certain rental charges.

The modification of the first contract amounted to a new contract, which became a substitute for the first contract. The parties abandoned the first contract for the reason that a new agreement with different terms was entered into between the parties

as a substitute therefor. The rights of the parties are to be determined upon the contract as evidenced by the letters interchanged between the parties in modification of the original contract. It was not necessary for the defendants to plead a breach of the second contract to defeat plaintiff's recovery; it was sufficient to establish the existence of the second contract to defeat plaintiff's right to recover upon the contract sued on. It is true that the defendants would have been entitled to a judgment for damages against the plaintiff, if they had established the fact of a breach thereof on the part of the plaintiff. The measure of damages for such recovery would not have been the sum of money paid by them to Barstow upon the purchase price, less any rents that might have been due the plaintiff. The court misconceived the question of fact involved in the case, and as no evidence was offered by the defendants upon the proper measure of damages, they were entitled to recover against the plaintiff. The money judgment in their favor is not supported by competent evidence. It does not appear that the court considered the question of fact as to whether Barstow was guilty of a breach of the second contract. The entire judgment appears to have been placed upon the proposition that the parties had abandoned the first contract. The question is not material, as a second contract was entered into between the parties in lieu of the contract sued upon.

It is recommended that the judgment be reversed and remanded for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 882, § 2854. (2) 4 C. J. p. 1164, § 3181.