**TWIN CITY CO. v. GERLACH et al.**

No. 16674—Opinion Filed June 22, 1926.

**1. Appeal and Error—Reversible Error — Rejection of Material Evidence.**

It is reversible error to refuse to receive competent evidence in the trial of a cause offered by a party to the action, in support of a material allegation contained in a pleading.

**2. Same—Fraudulent Conveyances—Action to Cancel.**

Record examined; held, that it was reversible error to reject competent evidence

offered by the plaintiff in support of the allegations of its petition.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Washita County; E. L. Mitchell, Judge.

Action by Twin City Company against A. Gerlach et al. for debt, and to cancel fraudulent conveyances. Judgment for the defendants, except as to the executor, and plaintiff brings error. Reversed.

A. J. Welch, for plaintiff in error.

Massingale & Duff, for defendants in error.

Opinion by STEPHENSON, C. J. Gerlach during his lifetime resided at Bessey, Okla. A. Gerlach was a man about 43 years of age and the adopted son of J. Gerlach. Blanche Gerlach was the wife of A. Gerlach. A mercantile business was conducted at Bessey, either by A. Gerlach or J. Gerlach, and owned by one or the other of the parties named. One or other of the parties named was the sales agent for the Twin City Company, plaintiff in error, in handling and disposing of tractors. Pursuant to the contractual relations the Twin City Company extended credit to the extent of about $5,000. the payment of which was secured by liens retained on the tractors. J. Gerlach died at about the age of 76 years, after the credit had been extended by the Twin City Company. The decedent conveyed his property to the wife of A. Gerlach about two months before his death. A. Gerlach was made the sole beneficiary of the will of J. Gerlach. and was named as executor without bond. The Twin City Company commenced its action against A. Gerlach, A. Gerlach as executor of the estate of J. Gerlach, deceased, and Blanche Gerlach. The trial of the cause resulted in judgment for the defendants, except as to the executor. The plaintiff has appealed the cause and assigns several of the proceedings had in the trial of the cause as error for reversal.

It is said by the plaintiff in error in its pleadings, that it knew and dealt with A. Gerlach only, in the sale of the tractors. The plaintiff further alleged that A. Gerlach represented to the plaintiff that he was J. Gerlach, and signed all instruments in the name of J. Gerlach. The plaintiff further alleged that it supposed and understood that A. Gerlach was J. Gerlach, and that the former was not acting in the capacity of agent for J. Gerlach. On the other hand, A. Gerlach admits that he signed the name of J. Gerlach to all the notes and other instruments, but states that he signed the same as

agent for J. Gerlach, and that the plaintiff understood the capacity in which he was acting. However, we may say in this respect that A. Gerlach wrote several letters to the plaintiff after the death of J. Gerlach, to which the name of the latter was signed. The correspondence does not bear evidence that A. Gerlach informed the plaintiff of the death of J. Gerlach. The pleadings formed an issue of fact on these questions to go to the jury. However, we do not express any opinion as to the weight of the evidence as shown by the record.

It is said in 21 R. C. L. 895:

"If, for example, a person sells goods, believing he is dealing with a principal, but finds the person is but an agent for a third party, he may recover the purchase money from either the principal or agent. And, according to the weight of authority, the agent and principal may be joined as defendants."

If the jury had found the issue of fact in favor of the plaintiff, the latter would have been entitled to judgment against A. Gerlach.

For the purpose of procuring credit from the plaintiff, A. Gerlach made a financial statement to the plaintiff, in the name of J. Gerlach, showing that J. Gerlach owned property of the value of about $73,000. It is the contention of A. Gerlach that the property conveyed by J. Gerlach to the wife of the former was of the value of about $3,500, and was conveyed to the wife in payment of money loaned by the wife to the grantor. A. Gerlach made a showing that the estate of J. Gerlach was of about the value of $1,000 in the probate of the will. The evidence discloses that A. Gerlach purchased an elevator from J. Gerlach for about the sum of $3,000, and also purchased some other property from J. Gerlach, running the total purchase price up to about $5,500. A. Gerlach testified that he borrowed money from the bank to pay for this property. The record indicates that Blanche Gerlach was employed in the store as a stenographer for some three or four years before her marriage to A. Gerlach. The record on its face indicates that the plaintiff is entitled to reasonable latitude in examining the interested parties as witnesses in relation to the matters involved in this case.

The plaintiff in error devotes some 25 pages of its brief to a recital of questions propounded to the defendants to which the court sustained an objection. It would serve no useful purpose to examine the questions and rulings in detail; it is sufficient to say that most of the questions were competent.

The statement of the plaintiff showing the assets of J. Gerlach to be about $73,000 did not show the nature of the property. A. Gerlach, who made the statement and signed the name of J. Gerlach thereto, was asked by the plaintiff to state what the property consisted of. The court sustained the defendants' objection to the question. The court also sustained objections to questions relating to A. Gerlach borrowing money from the bank to purchase the property from his father. The court also sustained objections to several competent questions going to show that A. Gerlach assumed and acted in the name of J. Gerlach, and that the plaintiff did not know of the impersonation until some time after the death of J. Gerlach. The court also sustained objections to questions directed to A. Gerlach as to what he said to the plaintiff's representatives about being an agent of J. Gerlach in the conduct of the store business. These were competent questions for A. Gerlach to answer.

The plaintiff also asked witnesses questions as to the age of the man who acted in the name of J. Gerlach. The court refused to permit the witnesses to answer the questions. These questions were competent, as A. Gerlach was of about the age of 43, and J. Gerlach about the age of 75. We have examined the evidence rejected sufficiently to ascertain that reversible error was committed in refusing the admission of the testimony. We do not mean to say that objections were properly sustained as to other testimony offered by the plaintiff, by our failure to particularly refer to the same.

The defendant placed one of their former bankers on the stand and asked him the following question:

"Q. Mr. Wallerstedt, do you purport to state to the jury who owned that business in Bessey, are you prepared to state that?"

The plaintiff objected to the form of the question as calling for a conclusion of the witness. The court overruled the objection, and the witness answered that J. Gerlach owned the business.

We think, as applied to the general facts in this case, the question was not in proper form. The evidence of the witness should have been confined to a statement of such facts pertaining to the business as were within his knowledge. It was for the jury to determine from the facts testified to by the witnesses as to who owned the business, and whether the same was the property of J. Gerlach or A. Gerlach.

The cause is reversed and remanded for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.

Note—See under (1) 4 C. J. p. 1165 §3185. (2) 27 C. J. p. 868 §855.