### KNOX v. CHAMPLIN REFINING CO.

No. 22817.     April 16, 1935.

Rehearing Denied May 28, 1935.

Dyer & Smith, for plaintiff in error.

McKeever, Elam, Stewart & McKeever, for defendant in error.

PER CURIAM. The defendant in error, Champlin Refining Company, plaintiff below, brought suit to recover the sum of $5,410.55 on an alleged contract, under which it advanced to the plaintiff in error, defendant below, the sum of $25,000, to be repaid from the sale and proceeds of oil to be produced by the defendant from a certain lease being operated by him in Garfield county.

The controversy arose over the disputed construction of the following part of a certain division order which was made a part of said contract, to wit:

"The oil purchased and received in pursuance of this division order shall be delivered f. o. b. the pipe lines of the Champlin Refining Company and shall be paid for to the well owners or their assigns in proportion to their respective interests shown above, at the price posted by the Champlin Refining Company for the same kind and quality of oil in the particular field on the day when such oil is received by Champlin Refining Company, said oil purchased in pursuance of this division order is delivered as aforesaid."

Defendant by answer and cross-petition admitted the execution of the note and contract sued upon, but specially pleaded that the plaintiff did not have or maintain a posted price; that different prices were paid on the same day for the same grade of oil to different producers, and that by reason of the failure to maintain a posted price, he was entitled to credit for his sales at the highest price paid by the plaintiff for the same grade of oil that he delivered on all the days he made deliveries, and in his cross-petition asked for an accounting and counter judgment for excess payments.

The defendant sought to prove that plaintiff maintained no posted price under which it operated uniformly, and that it paid him an arbitrary sum, materially less than that paid other producers and endeavored to make his case by proving specific items and dates of such discrimination, and the trial court sustained objections to such line of testimony, upon the theory that the defendant would first have to establish the fact that no posted price as contemplated in the contract was maintained.

The defendant had offered the manager of the Champlin Pipe Lines as his witness under the record, to prove that the plaintiff was paying a higher price for 80 per cent. of the oil received in its pipe lines than it was paying or crediting the defendant for, his theory apparently being that this line of testimony was competent and material, as tending to show that any so-called posted price by the plaintiff was a sham and subterfuge, and set up exclusively for the defendant. The trial court ruled that before evidence of the different prices would be admissible, the defendant would have to prove that there was no posted or market price maintained by plaintiff, and upon being advised by defendant's counsel that such was the purpose of his questions as to payments of different prices, the court continued to rule that the objections should be sustained, and further continued to sustain objections to questions which tended to prove discrimination in prices allowed defendant, and thereby deprived defendant of a trial upon his theory of the case.

It is apparent from the record that the defendant expected to prove a material allegation of his answer by the testimony of the manager of the Champlin Pipe Lines by showing that different prices were being

paid by plaintiff for the same grade and quality of oil as that being sold by defendant, and it appearing that the witness might testify by way of conclusion that a posted price was being maintained by plaintiff, when specific inquiry might reveal such discrimination in prices as would at least tend to show that the so-called posted price was a subterfuge, we think that more latitude should have been indulged by the trial court in permitting the defendant to show all the material facts bearing upon his theory of the case. The proffered testimony rejected by the court seems to us to be germane to the issues involved, and material as tending to prove a defense pleaded by the defendant.

It is well settled in this court that it is reversible error to refuse to receive competent evidence in the trial of a cause offered by a party to the action, in support of a material allegation contained in a pleading. Twin City Co. v. Gerlach et al., 118 Okla. 264, 247 P. 408.

The authorities cited by plaintiff are of but little aid to the court in the case at bar for the reason that the issues involved here are, not whether or not a "posted price", or "posted market price", is legal, clear, and unambiguous, or whether or not a posted market price may be made a proper standard, but whether or not the standard set up by the contract was in fact and in good faith being maintained and conformed to. It appears that the defendant was not given a fair and reasonable opportunity to show by competent evidence that the Champlin Refining Company kept a so-called posted price for the defendant only.

This case should be reversed for the further reason that before plaintiff was entitled to judgment, it was necessary that proof be made to the effect that it had maintained a posted price, and that it had allowed defendant credit for the posted price, since that matter was placed in issue by the pleadings, and the court's judgment, therefore, was premature, and not sustained by competent evidence. Roudebush v. Snell, 103 Okla. 291, 229 P. 1067; Barstow v. Chaffee, 112 Okla. 81, 239 P. 622.

It is therefore recommended that the judgment be reversed and remanded for further proceedings in accordance with the views herein expressed.

It is so ordered.

The Supreme Court acknowledges the aid of Attorneys D. E. Johnson, J. C. Cornett, and Wm. S. Hamilton in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Johnson and approved by Mr. Cornett and Mr. Hamilton, the cause was assigned to a justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.