**ATLAS PAVING COMPANY, a corporation, Appellant,**

v.

**David O. TATE, Appellee.**

**No. 49402.**

Court of Appeals of Oklahoma, Division No. 1.

Jan. 11, 1977.

Released for Publication By Order of Court of Appeals Feb. 3, 1977.

Shirk, Semtner, Work & Robinson by William J. Robinson, Oklahoma City, for appellant.

Chiaf & Murphy by John Chiaf, Oklahoma City, for appellee.

ROMANG, Judge:

Plaintiff-Appellant Atlas Paving Company (Atlas) appeals from an order sustaining the Defendant-Appellee Tate's (Tate) Motion for a Summary Judgment. Atlas had entered into a paving contract with others as the undisclosed principals of Tate. Having completed the work called for by the contract Atlas was paid with a check from Saber Development Association signed by Tate. This check was returned for insufficient funds and Atlas filed the instant lawsuit against the undisclosed principals. In Atlas' petition it alleged the contract, performance by Atlas, its breach, and the agency of Tate. A default judgment was entered on November 16, 1973 for the contract price and establishing a lien on the improved property.

After a sale of the property subject to the lien, Atlas received partial satisfaction leaving a deficiency. Thereupon Atlas filed an "amendment" to its petition adding Tate as a party and alleging that Atlas was induced to enter into the contract by Tate's representations that Tate or the project owner had funds to pay for the work and would pay on conclusion of the work which Tate knew, or should have known, were false representations.

Tate demurred to the petition, then answered denying certain allegations and pleading affirmatively. In an amended answer, Tate pleaded that the judgment against the undisclosed principals was *res judicata* in the action against Tate individually. Tate's subsequent Motion for Summary Judgment also alleged as its basis the doctrine of *res judicata* and the motion was sustained.

Atlas challenges the trial court's ruling on the Motion for Summary Judgment on the grounds that (1) the doctrine of *res judicata* does not apply where, as here, the second cause of action is in tort for fraud and the first cause of action is in contract, and (2) that the doctrine of election of remedies does not foreclose a plaintiff from seeking consistent remedies. We need not reach the *res judicata* issue since Tate concedes on appeal that the requirements of neither *res judicata* nor collateral estoppel are satisfied. The sole issue to be decided on this appeal is whether Atlas is held to have irrevocably elected its remedy when it pursued the undisclosed principals to judgment for breach of contract and is consequently foreclosed from also pursuing the agent for fraud.

"The doctrine of election of remedies has been called a delusion and a judicial weed. At the least, it is an anachronism that should not have survived the adoption of code pleading, and practically all who have discussed the doctrine state that it should be abandoned as a rule of procedure." Fraser, *Election of Remedies : An Anachronism*, 29 Okl.L.Rev. 1 (1976). In view of such a warning we enter the lists with no small amount of humility. But, anachronism or not, the doctrine exists until set aside by the Supreme Court or the legislature. Our job is to ferret out its nuances as applied to this case.

As Prof. Fraser notes, the doctrine of election of remedies "provides that where a party who has two inconsistent remedies chooses one he cannot thereafter pursue the other  . . . ." Fraser, ibid. p. 1. While phrased as an election of "remedies" it is actually an election in substantive law. Clark, Code Pleading (2d Ed. 1947) p. 493. In *Oklahoma Company v. O'Neil*, 440 P.2d 978, 987 (1968), the Supreme Court repeated the essential elements of election of remedies as stated in *Dudley v. King*, 285 P.2d 425 (Okl.1955) as:

"(a) the existence of two or more remedies,

(b) inconsistency between the remedies, and

(c) choice, with knowledge of the facts, of one of the remedies."

Where one of these elements is lacking the doctrine is not satisfied. *Oklahoma Company v. O'Neil*, supra, p. 987. And ". . . to make actions inconsistent one action must allege what the other denies, or the allegation in one must necessarily repudiate or be repugnant to the others." *Sisler v. Jackson*, 460 P.2d 903, 909 (Okl.1969) citing *Taylor v. Robertson Pet. Co.*, 156 Kan. 822, 137 P.2d 150, 154.

While the cases are not perfectly clear there is much to commend the view Prof. Fraser takes of the cases. Fraser, ibid. p. 4–10. We must distinguish between inconsistency of facts, which ought to be avoided except where the party does not know the actual facts (cf. *Elms v. Chicago, Rock Island & Pacific Railroad Co.*, 375 P.2d 886 (Okl.1962), and inconsistency in the theories of liability, which is permitted so an aggrieved party may obtain whatever relief the law allows based on the facts (cf. *St. Louis-S.F. Ry. v. Matthews*, 174 Okl. 167, 49 P.2d 752 (1935)).

Tate argues that it is clear that once a party pursues an undisclosed principal on a contract to judgment that he cannot thereafter pursue the agent. Although Tate cites no Oklahoma Authority, Atlas in its Reply Brief notes the case of *Twin City Co. v. Gerlach et ux.*, 118 Okl. 264, 247 P. 408 (1926) where the Supreme Court cites with approval the rule that while the plaintiff may have only one recovery on the contract he may join the agent and the undisclosed principal in a single action. This result seems wholly consistent with the Oklahoma rule that no election has occurred until a judgment on the merits is rendered. *Berry-Beall Dry Goods Co. v. Francis*, 104 Okl. 81, 230 P. 496 (1924). But the rule asserted by Tate does not in any event apply when the action against the undisclosed principal is on the contract and the action against the agent is for fraudulent inducement to enter into the contract. The latter action is predicated on the personal injury to Atlas caused by Tate, not by

Tate's principal. The liability here, if any, is direct and not derivative.

Applying the standards set out above we must look to the alleged remedies and see if they are inconsistent in the sense noted. Factually, we find basic consistency. The contract with undisclosed principals arose out of the same transaction or occurrence as the alleged fraud and the allegations that there was a fraudulent misrepresentation do not negate the facts on which the contract is based. Indeed, the allegation that Tate or others had the money to pay for the work and would do so on completion is totally consistent with the contract.

As to consistency of theory, even if required, it is certainly present. There is no contradiction between an agreement negotiated by Tate for certain undisclosed principals and the present allegations that Tate misrepresented certain material facts to Atlas during those negotiations.

Tate seems to argue that to permit Atlas to now seek the exact amount of damages in fraud as the contract price amounts to possible multiple recovery. It appears in this case that the relief sought in the fraud action is the same as the damages in the contract action. But this identity of dollar recovery prayed for is coincidental and not necessary. Damages for breach of contract are limited to "the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom." 23 O.S.1971, § 21. Where the contract is executed on one side and the performance on the other side is the payment of money a party ordinarily receives that which his bargain has received for him. Damages for fraud, however, shall be "the amount which will compensate for all detriment proximately caused thereby, whether it could have been anticipated or not." 23 O.S.1971, § 61. Additionally, although not sought in this case, punitive damages may be awarded in appropriate fraud actions. 23 O.S. 1971, § 9. Thus it is clear that the recovery legally contemplated is not the same in contract and fraud actions. The fact that the prayer for relief in the fraud action is the same as the prayer for relief in the contract action (other than the request for a lien) does not make the remedies inconsistent.

Nor need Tate fear multiple damages. If the facts bear out the fraud allegations, Atlas may recover only those damages "proximately caused" by the material misrepresentations. If the failure of Atlas to be paid forms any part of that proximate injury it must be reduced by the amount actually paid since Atlas has suffered no injury to the extent the alleged misrepresentation was true.

Since the obvious question of whether Tate can be joined as a party to a cause of action not against his undisclosed principals, 12 O.S.1971, §§ 231 and 265, was not raised, we express no opinion thereon.

This case is reversed and remanded for further proceedings consistent with this opinion.

REVERSED.

REYNOLDS, P. J. and BOX, J., concur.