## ROUDEBUSH v. SNELL, JR.

No. 14793—Opinion Filed Oct. 21, 1924.

1. **Contracts — Action to Recover—Performance by Plaintiff—Burden of Proof.**

In an action to recover a sum of money alleged to be due under a written contract, where performance of the contract is alleged by plaintiff, and denied by defendant, performance by the plaintiff of. the contract must be shown before he is entitled to recover.

2. **Same—Construction of Contract for Sale of Oil Property.**

Contract in the instant case examined, and held that the construction placed thereon by the trial court is correct.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Hughes County; George C. Crump, Judge.

Acton by George D. Roudebush against R. E. Snell, Jr., to recover a money judgment. Judgment for defendant, and plaintiff appeals. Affirmed.

Linebaugh & Pinson, for plaintiff in error.
Humphrey & Campbell and Turner & Lucas, for defendant in error.

Opinion by FOSTER, C. George B. Roudebush, plaintiff in error, plaintiff below, brought an action in the district court of Hughes county, against R. E. Snell, Jr., defendant in error, defendant below, to recover a balance alleged to be due under a certain written contract bearing date May 7, 1920, and an additional sum claimed as the unpaid balance on certain oil well casing, paid for by plaintiff in error and used by the defendant in error in a certain oil well located in Okmulgee county, Okla.

Parties will be hereinafter referred to as they appeared in the trial court.

The plaintiff alleged in his petition that he had fully and completely complied with all the terms of said contract; that no release or offer to release plaintiff from the terms of said contract had been made by the defendant at any time before the filing of the action, as provided therein, whereby the defendant became unconditionally liable to the plaintiff for the full sum of $13,000, and the further sum of $4,528.05, being the cost to plaintiff of certain oil well casing furnished the defendant at his special instance and request, and used in a certain oil well which the plaintiff had partially drilled on 40 acres of land in Okmulgee county.

The answer of the defendant admitted execution of the contract, but denied performance of the contract by the plaintiff, and denied generally all other allegations of the petition, and further pleaded fraud in the procurement of the contract, and failure of consideration. Plaintiff filed a reply denying the affirmative allegations of the defendant's answer, and pleaded estoppel. Upon the issues thus joined, the cause was tried to the court without the intervention of a jury.

At the conclusion of plaintiff's testimony, the defendant interposed a demurrer to his evidence, which was sustained by the court and judgment rendered in favor of the defendant against the plaintiff for costs. Motion for a new trial was filed by the plaintiff and overruled, exceptions allowed, and the matter comes regularly to be heard by this court on appeal by the plaintiff.

It is contended that the trial court erred

in sustaining the demurrer of the defendant to the evidence of the plaintiff at the conclusion of plaintiff's evidence, and this assignment presents practically the only question for determination of this appeal. In view of the fact that a determination of this question turns largely on the correctness of the interpretation placed upon the contract by the trial court, it is proper that we set out the contract introduced in evidence by the plaintiff in its entirety. The contract is as follows:

"This agreement made this 7th day of May, A. D. 1920, between G. B. Roudebush of Tulsa, Okla., first party, and R. E. Snell, Jr., of Dustin, Okla., second party;

"Witnesseth: First party has a contract whereby he is to become the owner of a one-fourth interest in a certain oil and gas mining lease covering the S. W. ¼ of the S. W. ¼ of section 17, twp. 14, range 12, in Okmulgee county, Okla., on which lease certain agreements have been made and partly carried out mainly the drilling of a certain well on said land, which is in process of drilling, and is desirous of selling his interest up to this time for the sum of $15,000 cash and is willing to pay his one-fourth or rather his part of all bills on said wells to date, and is willing to deliver possession of said well and contract and will at this time assign and convey his interest and deposit the said conveyance in the First National Bank of Okmulgee, Okla., without further notice or demand.

"Second party is willing to purchase said interest as above stated and as evidence of his good faith has paid first party the sum of $2,000, in cash receipt of which is hereby acknowledged, the balance of said $15,000 is to be paid when first party delivers evidence of his ownership and receipts showing his portion of all bills which he is liable for up to this date which said bills and evidences shall be delivered to Mr. H. M. Ledbetter, of Dustin, Okla., promptly, and one copy of this contract shall be delivered to the First National Bank of Okmulgee, Okla., to be used by said bank to protect the interest of both parties and make delivery of all papers and conveyances to R. E. Snell, Jr., when both parties have complied with this agreement.

"R. E. Snell, Jr., agrees to promptly pay the remaining $13,000 when first party had delivered to Mr. Ledbetter good evidence of above conveyances and payments, or forfeit the $2,000 already paid. And release first party from this agreement. It is agreed that R. E. Snell, Jr., has the right to take possession of said well and case the same to protect the sands at this time but not to drill the well any deeper or do anything other than case the well and bale out the hole. Until after the $13,000 has been paid, which shall be done not later than June 20,

1920. The parties hereto by their execution of this agreement bind themselves their heirs, legal representatives and assigns.

"G. B. Roudebush,
"R. E. Snell, Jr."

The trial court construed this contract to import an obligation on part of the plaintiff to furnish the defendant a better evidence of his title and ownership in the lease covering the SW¼ of the SW¼ of section 17, township 14 north, range 12 east, held by the Kessler Oil & Gas Company, than would be afforded by an examination merely of the escrow contract by the plaintiff and the Kessler Oil & Gas Company whereby the plaintiff upon the performance of certain drilling conditions should acquire a one-fourth interest in the lease. We think the interpretation thus placed upon the contract by the trial court was proper, and in keeping with the purpose and intent of the parties themselves as expressed in the contract, and is supported, we think, by a just estimate of what should be required of a seller when negotiating a sale for a substantial consideration of property of the nature here involved.

The evidence discloses that the plaintiff, together with the Sequoyah Oil & Gas Company, had entered into a contract with the Kessler Oil & Gas Company, whereby the Kessler Company had assigned to each of them a one-fourth undivided interest in a certain oil and gas lease, held by the Kessler Oil Company on 40 acres of land in Okmulgee county, the assignment however, being placed in escrow in the First National Bank of Okmulgee, to be delivered upon the performance by plaintiff and the Sequoyah Oil Company of a certain contract by which they were to complete a certain oil well on the land.

This contract, along with the assignment, was held in escrow by the First National Bank of Okmulgee at the time the contract involved in the instant case was executed. The contract with the Kessler Company had been only partially performed when the parties met in the First National Bank of Okmulgee on the 7th day of May, 1920, and executed the contract in dispute.

It seems clear to us that it must have been the intention of the parties at this time to impose upon the plaintiff an obligaton to place the defendant in a position upon his fulfillment of the escrow contract between the plaintiff and Kessler Oil & Gas Company where he could obtain the title to a one-fourth undivided interest in the lease without recourse against the Kessler Company.

and without the necessity of making demand upon this company for a new assignment, to the end that the defendant might perfect his title and establish his right to the proceeds of the lease without the risk of having his title called in question.

With this in view it was provided in the contract that the plaintiff, concurrently with the execution of the contract in controversy, should execute an assignment of the one-fourth interest in the lease which had already been executed to him and place the same in escrow with the First National Bank of Okmulgee, along with the assignment to him from the Kessler Oil & Gas Company, to the end, no doubt, that when the defendant had fully performed plaintiff's contract with the Kessler Oil Company his chain of title would be complete upon delivery to him by the bank of both assignments.

Whether or not the contract contemplated approval by the defendant of the title of the Kessler Oil & Gas Company in the lease which it held as a condition to the right of the plaintiff to enforce liability for the $13,000 is a matter which we are not called upon to decide. It is clear to us, however, that such evidence of ownership as could be supplied by the execution of an assignment to the defendant of a one-fourth interest in the lease, and placing the same in escrow with the First National Bank of Okmulgee, was necessary before the plaintiff could assert liability against the defendant for the consideration mentioned in the contract. This the plaintiff admits he did not do.

The contention of the plaintiff that the contract of May 7th is in itself an assignment and conveyance of his interests in the lease is untenable. The contract in controversy was nothing more than a contract to assign, and the plaintiff was bound thereby to make the assignment and furnish the defendant evidence thereof, together with such other evidence as would complete the chain of title of the defendant, and enable the bank to deliver the assignment from the Kessler Oil & Gas Company to the defendant instead of the plaintiff.

The record is silent as to when or by whom the contract was drawn.

There is no testimony from which it can be said that the defendant or his attorney, Mr. Ledbetter, drew the contract, or that the defendant, by reason of what transpired in the bank of Okmulgee, intended to treat the contract as being wholly performed at that time. The interpretation placed upon this contract by the trial court is borne out, we think, by the conduct of both parties to the contract in respect of delivering the qualified possession of the well to the defendant a day or so after the contract was executed.

The exhibits introduced by the plaintiff and the conduct of the plaintiff at the time these exhibits were delivered to him clearly indicate, we think, that the plaintiff did not regard the contract as being wholly executed, or that the possession of the lease and well had been finally turned over to the defendant on May 7, 1920. The evidence introduced by the plaintiff to support his claim for a recovery of $4,528.05 under the second count of his petition on account of casing furnished the defendant at his special instance and request is such, under the situation presented by the record, that the plaintiff can not recover under his second cause of action if he was properly denied recovery under the first one.

If the defendant had in fact purchased the well and its equipment from the plaintiff, and after the completion of such purchase had used casing in the well, bought and paid for by the plaintiff, he would undoubtedly be liable to the plaintiff therefor, but if such casing had been bought and paid for by the plaintiff, and used by the defendant in the well while in possession thereof, with plaintiff's consent, under a contract whereby the well, by reason of a failure on the part of the plaintiff to perform the contract, was returned to the plaintiff, then the defendant could not be liable to the plaintiff for the casing used any more than he could be liable under any other term of the contract. In these circumstances there could arise no implied promise on the part of the defendant to pay for the casing.

After a careful examination of the entire record and evidence we are convinced that the plaintiff has failed to establish by any evidence, compliance by him with the provision of the contract sued upon, requiring that concurrently with the contract he assign the one-fourth interest in the lease in controversy to the defendant, and deposit the same in the First National Bank of Okmulgee, and that the judgment of the trial court sustaining the demurrer interposed by the defendant to the plaintiff's evidence was correct, and should be sustained. Judgment of the trial court is therefore affirmed.

By the Court: It is so ordered.