**CALLOWAY v. STATE ex rel. MOTHER-SEAD, Bank Com'r, et al.**

No. 15615—Opinion Filed Jan. 19, 1926.

Rehearing Denied May 11, 1926.

1. **Trial—Separate Findings and Conclusions of Law—Necessity for Request.**

Where a request for separate findings of fact and conclusions of law is not made until after the court has announced what the judgment will be, it is not reversible error to refuse such request.

2. **Attorney and Client — Termination of Employment with Close of Case.**

Employment as an attorney at law, to represent a client in a given case, expires, in the absence of any further contract, on the final consummation or settlement of all matters involved in the case.

3. **Same—Burden of Proof of Relationship.**

Where plaintiff charges that the relation of attorney and client exists and that he has been induced to enter into certain contracts, which in no wise pertain to a lawsuit or judicial proceeding, by reason of representations made by the defendant, the burden is on the plaintiff to establish by a preponderance of the evidence that the relationship of attorney and client exists.

4. **Usury—Commission to Secure Loan.**

Where A. agrees to pay B. a valuable consideration to secure a loan from C., and B. gives C. the consideration paid by A. as an inducement to C. to extend the loan to A., such transaction does not constitute usury, in the absence of fraud or collusion, although, at the request of B., the consideration passed direct from A. to C.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Okmulgee County; James Hepburn, Judge.

Hummer & Foster, for plaintiff in error.

Charles A. Dickson and Roy A. Hockensmith, for defendants in error.

Action by the State ex rel. O. B. Mothersead, Bank Commissioner, against Bose Calloway et al., and action by Bose Calloway et al. against J. Ray Brown et al., consolidated. From the judgment, Calloway appeals. Affirmed.

Opinion by JONES, C. This appeal involves two suits and the judgments rendered therein by the district court of Okmulgee county. In case No. 11312 in the trial court, the state of Oklahoma ex rel. Joe H. Strain, as Bank Commissioner, was plaintiff, who appears here as one of the defendants in error, and Bose Calloway et al., appellants, were defendants, and in case No. 11465, Bose Calloway, appellant here, et al. were plaintiffs, and J. Ray Brown, R. A. Hockensmith, C. T. Huddleston, and W. G. Reynolds, appellees here, were the defendants. The two causes were consolidated, and on the trial of same to the court without the intervention of a jury, judgment was rendered in favor of the plaintiff, state of Oklahoma, in cause No. 11312, and in favor of the defendants J. Ray Brown et al. and against the plaintiff Bose Calloway in case No. 11465.

This appeal, however, only involves the merits of suit No. 11465, Calloway v. Brown et al. The first case, No. 11312, involves the foreclosure of a mortgage given by Bose Calloway to the Bank of Commerce of Okmulgee, Okla. The bank was closed and

taken over by the Bank Commissioner prior to the institution of this suit; and in case No. 11465, the validity of a second mortgage given to W. G. Reynolds of Okmulgee is involved; both of said mortgages covering an undivided one-half interest in 160 acres of land in Okmulgee county. Said mortgages are alleged to have grown out of a transaction between the said Bose Calloway and the said mortgagees, wherein R. A. Hockensmith and C. T. Huddleston, a firm of lawyers, represented the said Bose Calloway as attorneys, and it is alleged by the appellant, Calloway, that he was induced to enter into said mortgage contract by reason of certain false representations made to him by his attorneys, Hockensmith and Huddleston.

The plaintiff, Calloway, alleges for his first cause of action that he was the owner of, and in the possession of the real estate, consisting of 160 acres of land, and that on January 3, 1920, he entered into a contract with the defendant Hockensmith, whereby he employed said Hockensmith as his attorney in a certain action then pending in the district court of Okmulgee county. The contract, in substance, provides that the said Bose Calloway is the owner of 160 acres of land, which is subject to a mortgage to Joe Whittendon in a sum not to exceed $2,500, and that in consideration of certain services to be rendered by the said Hockensmith, and other considerations, which will hereafter appear, the said Calloway, by warranty deed, conveyed to the said Hockensmith the 160 acres of land, and the said Hockensmith agreed to represent the said Calloway in the foreclosure suit above mentioned, and agreed that he would pay off said mortgage indebtedness, and that when the title to said land was cleared up, he would execute a quitclaim deed to the said Calloway for an undivided one-half interest in the land, and the said Calloway agreed to pay to Hockensmith a sum equal to one-half of the total cost and expense of getting the title cleared up by giving his note secured by mortgage. The contract further provides that in case the indebtedness mentioned should be more than stated, or other legal indebtedness should be found against the land, said Hockensmith would immediately quitclaim back to the said Calloway.

The plaintiff Calloway's second cause of action is based on a transaction had on June 7, 1920, wherein the said Hockensmith negotiated a sale, whereby Calloway sold to J. Ray Brown an oil and gas lease conveying an undivided one-fourth interest in the oil and gas rights in said land for a con-

sideration of $1,000, and on June 30, 1920, the said Brown conveyed to the defendants Huddleston and Hockensmith an undivided one-sixth interest in said oil and gas lease, and thereafter, on December 10, 1921, the said Brown conveyed to C. C. Walker a one-twelfth interest in said oil and gas, and on the 15th day of December, 1921, Walker conveyed to Huddleston and Hockensmith said one-twelfth interest; and the plaintiff, Calloway, alleges that the said Brown in taking said conveyance was acting as the agent of Hockensmith and Huddleston, and that in fact the said Hockensmith and Huddleston were acquiring said oil and gas rights for themselves, and the plaintiff alleges that he was induced by said attorneys to sell an undivided one-half interest in the coal rights underlying said land for a consideration of $1,300; that said coal rights were worth the sum of $3,750, and that said Huddleston and Hockensmith had arranged to sell said coal rights at said price, and did thereafter sell same for the sum of $3,200. The plaintiff further alleges that he never received the consideration of $1,300 agreed to be paid, and that he was induced to enter into said transaction by reason of his confidence and faith in the said Hockensmith as his attorney.

Plaintiff for his third cause of action alleges that he was induced by the defendant Hockensmith to execute to one W. G. Reynolds, a conveyance of an undivided one-twelfth interest in the oil and gas rights in and to his lands, and at the same time was also induced to execute a note and mortgage for the sum of $650; that said oil and gas lease was given as a bonus for said loan, and was of the value of $650, and that said loan drew interest at the rate of 8 per cent. per annum; that by reason of such transaction said loan is usurious and illegal; and that plaintiff is entitled to a cancellation of said conveyance, and is entitled to an offset against the principal indebtedness of $650, and to have said indebtedness canceled.

To the petition of plaintiff, the defendant answered and admits the execution and delivery of the original contract heretofore referred to, and further answering alleges that upon investigation he learned that there was a valid indebtedness against the land to the amount of $3,849.72, and that the said Whittendon, the owner of said mortgage, also claimed to be the owner of said land by reason of certain deeds of conveyance executed by persons claiming to be the owners thereof; that he also held a note secured by chattel mortgage against the said

Calloway for $1,295.62, and that there were back taxes against the land ior the sum of $73.60, and that the said Whittendon refused to make any setttlement as to the mortgage, and refused to quitclaim the land back to the said Bose Calloway until all indebtedness claimed was satisfied, whereupon the defendant Hockensmith so informed the plaintiff, Calloway, and offered to quitclaim the land back, and asked to be relieved from the terms of the contract, and released from further representing the said Calloway, which the said Calloway refused to do, and insisted that he, Hockensmith, proceed to a final settlement of all the matters involved, and that the plaintiff, Calloway, would take care of the excess indebtedness, whereupon the said Hockensmith proceeded to make a final settlement, and paid to the said Whittendon the sum of $2,127.35, and executed a deed conveying to the said Calloway a one-half interest in said land, whereupon the said Calloway executed the note and mortgage securing same to J. Ray Brown for the aggregate sum of $3.422.62, the principal portion of which was used in the liquidation of the indebtedness due the said Whittendon.

The appellant first contends that in this case the judgment of the trial court should be reversed, because of the failure of the trial court to make special findings of fact and conclusions of law. The record discloses that no request was made until after the court had announced its judgment, at which time the plaintiff, Calloway, made a request for separate findings of fact and conclusions of law. The court thereupon made certain findings of fact and conclusions of law over the objections of the defendants Hockensmith and Huddleston, for the reason that no timely request had been made, but failed to make certain findings that the defendant thought material. The court, however, announced that if counsel would prepare such findings as he deemed proper, that the court would either deny or approve same; but the character of the findings made or refused, we think, is not material, because under the law of this jurisdiction the request made was not timely, as required by section 5107, Rev. Laws 1910; section 556, C. S. 1921.

This court has held in the case of Etchen v. Texas Co., 82 Okla. 62, 199 Pac. 212, that:

"Where a request for separate findings of fact and conclusions of law is not made until after the court has announced what the judgment will be, it is not reversible error to refuse such request."

Following the rule announced in the case of Beck v. Finley et al., 77 Okla. 213, 187 Pac. 488, and Smith v. Smith, 80 Okla. 136, 184 Pac. 82.

The second and principal contention made by appellant is that the contracts involved in this suit are illegal and void, for the reason that they were made on the part of the said Calloway under the influence, inducement, and representations of the said Hockensmith, and at a time when the relationship of attorney and client existed between the said Calloway and Hockensmith. The record discloses that the plaintiff, Calloway, testified to a state of facts supporting his pleadings, and the defendant Hockensmith's testimony was in accord with his contention as set forth in his answer, and same was corroborated to some extent by other witnesses. The appellant, Calloway, in his brief filed in this court, concedes that at the time the original contract between Calloway and Hockensmith was entered into, that no fiduciary relations existed and that same was a valid contract, but contends that the terms of the agreement were not carried out, and that same was entered into under a mutual mistake of fact, and was rescinded; and that the transaction had was under a new and verbal contract entered into between the said Calloway and Hockensmith, and contend that the verbal, or subsequent, agreement entered into is unfair to the appellant, Calloway, because under the terms of the original or written contract, Calloway was to become the owner of a one-half interest of the land involved, subject to an indebtedness of $1,250, whereas under the new agreement his interest was subject to an indebtedness of $3,422.97; but we see no merit in this contention. The facts as they actually exist were that the indebtedness, which Calloway was required to satisfy before he could acquire a title to a one-half interest in said land, was more than double that which he represented same to be under the terms of the written agreement; in fact, the written agreement has no bearing upon this controversy at this time, and is cited substantially in the opinion merely as showing the original basis or transaction out of which this controversy grew, and under all of the facts disclosed by this record, we fail to find evidence sufficient to establish any fraudulent or inequitable conduct practiced on the part of Hockensmith and Huddleston in dealing with the said Calloway.

In so far as all of the matters which were involved under the original contract, and which were adjusted by reason of the subsequent verbal agreement, are concerned, the record discloses that same was finally

consummated and closed on the 3rd day of May, four months from the date of the execution of the original agreement, and the other proceedings complained of all transpired subsequent to this date, wherein is involved the sale of certain coal interest and oil and gas rights, whereby the defendants Hockensmith and Huddleston seem to have made a profit by reason of their connection with said various transactions; but we fail to find in the record any evidence to establish the contention of appellant that the relationship of attorney and client existed, at that time, and while considerable evidence is offered and a lengthy argument made by appellant in his brief, going to the value of the mineral interest in said land, it is clear that it was of a very speculative nature, and whether or not the lands involved have any real and substantial coal or oil and gas values is yet a matter of speculation, and the record discloses that the appellant, Calloway, received $2,300 in cash for certain mineral interest in his one-half interest in the 160 acres of land, and we are inclined to believe that he was very fortunate to have received so large a sum, regardless of the fact that Hockensmith and his associates conveyed the interest and made a reasonably fair profit, and it is very evident that same was made at the expense of the purchasers of said interest, and we do not regard such transaction as necessarily constituting fraud or improper conduct, even though the relationship of attorney and client should have existed.

The third and last contention of appellant is that the transaction wherein the appellant Calloway executed and delivered his note secured by mortgage to the appellee, W. G. Reynolds, is usurious for the reason that he also executed and delivered to the said Reynolds an undivided one-twelfth interest in the oil and gas royalties in the lands in controversy, and he contends that this was a bonus in order to secure the loan from the said Reynolds over and above the interest of 8 per cent. per annum, as specified in the note. If, in fact, this contention be true, we think it would constitute usury, but the appellee, Hockensmith, explains the transaction by testifying that at about the time this transaction was had, the appellant, Calloway, called upon him to assist him in securing a loan of $650, and from the record it appears that Calloway had frequently secured small loans from and through the appellee, Hockensmith, and on this occasion, according to the testimony of Hockensmith, Calloway offered to give to the said Hockensmith a deed of conveyance to a one-twelfth interest in oil and gas royalty of said land. Hockensmith made numerous efforts to secure the loan, and finally approached the appellee, Reynolds, concerning same, and explained to Reynolds that the said Calloway had agreed to give him, Hockensmith, a lease or deed conveying a one-twelfth interest in the royalties, and Hockensmith said to Reynolds that he would give Reynolds this royalty interest, if he, Reynolds, would make Calloway this loan, whereupon the loan was made, and at the request of Hockensmith, the deed conveying the one-twelfth interest in the royalty was made direct from Calloway to Reynolds. The testimony of the appellee, Reynolds, on this point, corroborates Hockensmith, and he also testified that he would have made the loan without the deed conveying the mineral interest. And upon this state of the record the court found in favor of the appellee, Reynolds, and while the judgment in favor of Reynolds in the trial court was general, no special findings of fact being made by the court on this point, it necessarily follows that the court found that there was evidence sufficient to sustain the allegations of the defendant, Reynolds, and we find that there is ample evidence to sustain the judgment of the court, and under the general rule in this jurisdiction, to the effect that where in equitable proceedings the judgment of the trial court is not against the clear weight of the evidence, the same will not be disturbed on appeal, and we therefore find that the judgment of the trial court should be and is in all things affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 1059 §3044 (Anno); 38 Cyc. p. 1959; 26 R. C. L. p. 1088; 5 R. C. L. Supp. p. 1439. (2) 6 C. J. p. 672 §184; p. 961; 4 R. C. L. Supp. p. 129. (3) 6 C. J. p. 636 §138; p. 637 §140. (4) 39 Cyc. 978 (Anno); anno. 19 L. R. A. (N. S.) 391; 46 L. R. A. (N. S.) 1157; 21 A. L. R. 823; 27 R. C. L. p. 237; 4 R. C. L. Supp. 1749.