## ENID BANK & TRUST CO. et al. v. NOLL.

No. 28346.   Oct. 25, 1938.

Rehearing Denied Nov. 15, 1938.

McKeever, Stewart & McKeever and Roy J. Elam, for plaintiffs in error.

Harry O. Glasser, for defendant in error.

BAYLESS, V. C. J. Kate Noll brought an action in the nature of replevin in the district court of Garfield county, Okla., against the Enid Bank & Trust Company, a banking corporation, and O. J. Fleming, to regain possession of an unsecured note and a note and mortgage. The unsecured note is the only property now involved. Two other banking corporations intervened claiming title to the note. Judgment was for the plaintiff, and the banks appeal.

Plaintiff's petition is in the form of an affidavit of replevin. The defendant and interveners claimed to be innocent purchasers of the note. The evidence showed that the note was made by a Catholic charitable organization, payable to itself or order and duly indorsed. Plaintiff was the owner and holder of it, and was induced to trade it for stock in an oil company. It stands vir-

tually admitted that the stock was worthless and the deal grossly fraudulent.

The plaintiff's theory was that, since she had been deprived of her property wrongfully, that is, by a fraudulent sale, the equitable title and the right to possession remained in her, and she could maintain replevin. See 23 R. C. L. 889, and cases cited, including Wails v. Farrington, 27 Okla. 754, 116 P. 428.

The defendant and interveners rely upon Olson v. Thompson, 6 Okla. 74, 48 P. 184, and 6 Okla. 576, 52 P. 388. In that case the maker of two promissory notes attempted to replevin them from the payee upon the ground they had been exacted from him under menace and duress. In the first opinion it was held that one who makes and delivers a promissory note cannot replevin it upon the ground of failure of consideration. On further consideration of the matter, the court wrote a further opinion on rehearing, and on page 578, said:

"Undoubtedly the owner of a subsisting promissory note, other than the maker, may maintain replevin for the possession thereof against one not having a paramount right of possession, because he has a property in it; but where the possession of a note that has become invalid is sought by the maker, it is not because he claims to be entitled to it as property (so far as his relation to it is concerned), but because he is entitled to be protected against it as evidence of a claim. (Sigler v. Hidy et al. [Ia.] 9 N. W. 374.)"

This statement was of the difference between a maker attempting to recall notes issued, and an owner regaining possession of a note which had been wrongfully taken from him.

The general rule is that a promissory note may be the basis of an action of replevin. See authorities above cited, and 23 R. C. L. 861, and supplement, and 54 C. J. 422, and cases cited.

There is no occasion to inquire into the validity of the court's holding in Olson v. Thompson, supra, in so far as it touches upon the right of the plaintiff therein to recover, since it is clear that his position differs in fact from the position of the plaintiff herein, and that difference was in mind when the opinions were written. The holding against that plaintiff furnishes no support to the defense in this action.

The defendant and interveners recognize the rule, announced in Pease v. Golightly, 168 Okla. 582, 35 P.2d 469, to the effect that replevin is sufficiently flexible to enable the court to settle equitable as well as law issues. But they insist that when the legal remedy of replevin is wholly subordinated to and dependent upon the equitable remedy of rescission and cancellation (they insist this is truly plaintiff's action herein), the rule loses its force. We disagree with the order of importance which they attach to the respective legal and equitable issues. They are not sequential, but are co-ordinate. When the fraud is established by proof, the plaintiff's right to possession is not then brought into being, but because fraud is established, the plaintiff's possessor right is adjudged to have existed at all times. In other words, proof of the fraud does not rescind the contract; the establishment of the fraud establishes that there never was a contract whereby defendant acquired title or the right of possession. The establishment of the equitable impediment to the contract made the possession of defendant and interveners as wrongful as though the note had been taken from plaintiff wrongfully in any of the several ways this could be established.

The other contentions relate to the admission of evidence, and to alleged errors in ruling to demurrers to the evidence and motions for new trial, and the judgment rendered; and, in view of our disposition of the first contention, are without significance.

Judgment affirmed.

OSBORN, C. J., and CORN, GIBSON, and HURST, JJ., concur.