GRIFFITH et al. v. McBRIDE, Adm'x.

No. 29884. Dec. 10, 1940.

*108 P. 2d 109.*

Hill & Hill, of Cherokee, for plaintiffs in error.

Carpenter & Hadwiger, of Cherokee, for defendant in error.

OSBORN, J. This action was instituted in the district court of Alfalfa county by Sabina Griffith, hereinafter referred to as plaintiff, against R. B. Tea, administrator of the estate of Lucinda Tea, deceased, wherein plaintiff sought damages for conversion of personal property. While the cause was pending in the trial court one Charles E. Flack, as conservator for Sabina Griffith, was substituted as plaintiff, and Beulah I. McBride, who succeeded R. B. Tea as administratrix of the estate of Lucinda Tea, was substituted as defendant. Issues were joined, the cause was tried to a jury, and a verdict was rendered in favor of defendant. From a judgment thereon, the plaintiff has appealed.

It is alleged that prior to July, 1934, Sabina Griffith owned and operated a hatchery in the city of Kiowa, Kan., and operated said business in a building of Lucinda Tea; that one R. B. Tea was the agent of Lucinda Tea, and on or about July 7, 1934, said agent went upon the premises and put padlocks on the premises and excluded plaintiff and her agents from possession of the property. Sometime thereafter the building and contents were destroyed by fire. It is shown that the hatching season closed about the first of June and that the building and premises had been temporarily abandoned. Thereafter the city marshal of the town of Kiowa, in searching the building for a purpose not related to the controversy herein involved, broke the fastening on the door. Thereafter, R. B. Tea, the agent of Lucinda Tea, placed padlocks on the door, barred the windows and posted a notice against trespassing. It is plaintiff's theory that such conduct on the part of the agent constituted a conversion of the personal property in the building under the guise of nonpayment of rent, whereas it is defendant's contention that the sole purpose in locking the doors and barring the windows was to protect the building and contents from depredations by third parties. There is no showing that plaintiff or her agents were ever denied access to the building. The cause was submitted to the jury upon these respective theories and upon

conflicting evidence. The finding of the jury was in favor of the defendant.

Conversion is defined in the case of First National Bank of Pocassett v. Melton & Holmes, 156 Okla. 63, 9 P. 2d 703, as follows:

" 'Conversion' is the unlawful and wrongful exercise of dominion, ownership, or control by one person over the property of another, to the exclusion of the exercise of the same rights by the owner, either permanently or for an indefinite time. * * *"

The jury was properly instructed. Other contentions and propositions of error presented and argued in the briefs have been examined and are without merit. It appears that the verdict of the jury is amply sustained by competent evidence. Said verdict was approved by the trial court and the record discloses no reversible error.

Affirmed.

BAYLESS, C. J., and RILEY, HURST, and NEFF, JJ., concur.