## AMERICAN ALLIANCE INSURANCE CO. v. GAINES.

No. 30589. Dec. 8, 1942.

*131 P. 2d 1003.*

Rittenhouse, Webster, Hanson & Rittenhouse, of Oklahoma City, for plaintiff in error.

Robert H. (Hal) Welch and James G. Welch, both of Hugo, for defendant in error.

HURST, J. Alice Gaines, plaintiff below, sued the American Alliance Insurance Company for recovery under a fire insurance policy issued by the company for loss of household goods and effects. Plaintiff sued for $1,000, the face amount of the policy. The jury returned a verdict for the plaintiff for $750, on which judgment was rendered. Defendant appeals.

1. Defendant first urges that it was not served with proof of loss. The plaintiff alleged that immediately after the fire she submitted to Catherine Blackshear, local agent of the company, a sworn proof of loss, containing an itemized statement of the property lost and the value thereof, and that the same was prepared by Catherine Blackshear at her request. The plaintiff testified to the delivery of the proof of loss as alleged. Catherine Blackshear testified that no such proof of loss was delivered to her, and the company introduced evidence to the effect that no such proof was received by it at its office in Chicago.

The defendant contends (a) that the evidence was not sufficient to establish that proof of loss was delivered to Catherine Blackshear, (b) that, if so delivered, Catherine Blackshear's agency had terminated at the time plaintiff claims to have delivered the proof of loss to her, and (c) that the proof of loss was not sufficient to satisfy the requirements of the policy.

(a) The question as to whether proof of loss was delivered to Catherine Blackshear being in dispute, a question of fact for the jury to determine was presented. The jury being the sole judge of the credibility of the witnesses and of the weight to be given to their testimony, and the verdict having been approved by the trial court, we will not disturb the finding. Griffith v. McBride, 188 Okla. 227, 108 P. 2d 109.

(b) The allegation that Catherine Blackshear was the agent of the com-

pany at the time proof of loss was submitted to her was not denied under oath, and therefore the allegation must be taken as true. 12 O. S. 1941 § 286.

(c) The policy contains no requirement that proof of loss be delivered to any particular officer or agent, and under such circumstances delivery of such proof to the local agent is sufficient. 14 R. C. L. 1335; 29 Am. Jur. 839; 26 C. J. 371. The defendant did not, by its answer, which was a general denial as to the furnishing of proof of loss, specifically raise the question of the sufficiency of the proof of loss, and it cannot now contend that the proof was insufficient in form and detail. White v. Safe Guard Ins. Co., 94 Okla. 178, 221 P. 57.

We conclude that the defendant is bound by the findings of the jury that a sufficient proof of loss was timely delivered to its duly authorized agent.

Our decision on this question makes it unnecessary to discuss the second proposition, as to the effect of a non-waiver agreement signed by the plaintiff.

2. It is urged that the evidence established that a large portion of the insured property had been removed from the house prior to the fire and that the verdict is excessive.

There is a dispute in the evidence as to whether any of the property had been so removed. The total value of the lost property, as shown by the proof of loss which was submitted, was in excess of the face amount of the policy, and there was evidence that the value of the property destroyed exceeded $1,000. After considering the evidence, we are unable to say that the verdict was excessive.

Judgment affirmed.

OSBORN, BAYLESS, GIBSON, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., CORN, V. C. J., and RILEY, J., absent.