CAMP et al. v. BLACK GOLD PETROLEUM CO.

No. 31113. Oct. 3, 1944.

Rehearing Denied Jan. 16, 1945.

*154 P. 2d 769.*

F. M. Brookstore and Chas Scales, both of Oklahoma City, for plaintiffs in error.

Wm. L. Murphy, of Oklahoma City, for defendant in error.

RILEY, J.  John P. Camp, Oscar John Grace, and Andrew T. Cole sued the Black Gold Petroleum Company for breach of contract. The contract was one of sale and purchase and dealt with a community oil and gas lease on lots 36 and 37, block 6, Irvington addition to Oklahoma City.

Plaintiffs alleged themselves to be legal and equitable owners of the lots. They relied upon a contract dated February 27, 1936, between Grace and Cole, as one party, and John P. Camp, another, providing that Grace and Cole would clear title to the lots involved in consideration of an undivided one-half interest therein. Additionally, a contract was relied upon, dated April 13, 1936, between plaintiffs in error, Grace, Cole, and Camp, and defendant in error, Black Gold Petroleum Company, under which a sale of an oil and gas lease upon the lots was provided. The contract of sale and purchase specified delivery of an oil and gas lease on a form to be prescribed by second party.

Plaintiffs below, plaintiffs in error, agreed to clear title to the lots in question and lease them to the Black Gold Petroleum Company for a consideration of $500 each and a like amount to be paid from ¼ of the ⅞ working interest in petroleum.

The plaintiffs pleaded and proved an oil and gas lease, dated May 4, 1936, as to the lots described including one involved. As to the other lot, plaintiffs pleaded a journal entry of judgment in the case of Camp, plaintiff, v. L. May Collins et al., defendants, No. 92725, district court, Oklahoma county,

wherein judgment was rendered November 5, 1937, quieting title in John P. Camp. By these instruments, plaintiffs pleaded performance of their contract and sought the consideration stated.

Defendant, Black Gold Petroleum Company, by amended answer, admitted agreement on its part to purchase the oil and gas lease. It relied upon an unreasonable delay in plaintiffs' action to quiet title, which action was not filed until March 2, 1937, eleven months after the contract of sale and purchase of the oil and gas leases. The Petroleum Company denied plaintiffs' performance of the conditions of the contract. Defendant pleaded an agreement for performance of the contract "at a reasonable time prior to the first day of April, 1937, the termination date" of the oil and gas lease held at the time of the contract. Defendant pleaded that no judgment was procured in plaintiffs' action to quiet title to the lots until the 5th day of November, 1937, and that plaintiffs at no time delivered to the defendant any oil and gas lease; that "the oil and gas lease attached to the petition of plaintiffs as Exhibit C was never delivered to this defendant." "Nor did plaintiffs at any time deliver to the defendant an abstract of any kind or character showing title to said lots to be good and merchantable, or that they had quieted and cleared title as provided by the said memorandum agreement."

After demurrer and reply, the case was tried to the court without intervention of a jury. Mr. Cole testified he delivered the community oil and gas lease to Mr. Galbreath, agent of defendant company, but that he did not know about a request of the Petroleum Company to expedite the action to quiet title.

Witness identified the Collins lease, dated November 26, 1935, but it is apparent that that lease is not a community lease since it provides for termination "if no well be commenced on said land on or before the 25th day of November, A.D. 1936."

The witness knew that the Wheeler well was a diagonal offset to lots 36 and 37 involved and that the lots in question were "sour" on November 5, 1937, when plaintiffs obtained the judgment quieting title. Grace testified he was not present when the lease was delivered, but was present when the contract of sale and purchase was executed.

Frank Bookstore, attorney for plaintiffs, testified as to furnishing an abstract and as to an action to quiet title to lot 27, which action was filed March 27, 1936, and as to community oil and gas lease recorded April 20, 1936. The Black Gold Petroleum Company was not a party to that action.

For defendant, Rodolph Brauchili, a geologist, testified that the Wheeler well was spudded in March 30, 1936; that it produced from the dolomite in July and continued in excess of 6,000 barrels of petroleum for January and February, 1937, then decreased to 968.35 barrels in April, and continued to decrease with like effect on the value of the oil and gas leases in block 6 of Irvington addition.

Mr. Galbreath, as agent in the land department of defendant company, dealt with Mr. Grace and Mr. Cole and testified that title to lots 36 and 37 was bad; that "we agreed we would buy them if they would immediately get busy and get the titles fixed up," to which plaintiffs agreed. The witness denied delivery of an oil and gas lease signed by John P. Camp, dated May 14, 1936, which had been testified to by Mr. Cole.

The witness testified that neither Mr. Cole nor anyone else ever delivered to him an oil and gas lease to the lots in question.

Mark Kleeden, president of defendant company, testified that the Rotary Petroleum Company of Tulsa offered to repay the defendant below all money invested in leases in block 6 of the addition, plus $25,000 in oil bonus out of ⅛ interest, but that the deal was not completed because of failure to perfect title and liability of drilling offsets on

lots 36 and 37; that the original lease upon which plaintiffs and defendant based negotiations was never relied upon by the Petroleum Company to fulfill the contract because it was not communized.

Upon the evidence herein epitomized, defendant sought judgment on the pleadings, and on March 10th, plaintiffs requested separate findings of fact. On March 12, 1942, the trial court, by letter, advised of judgment for defendant and denied request for separate findings of fact. On March 18, 1942, judgment was rendered for defendant, from which plaintiffs have perfected an appeal.

Error is predicated upon the action of the trial court in (1) overruling the demurrer to the separate defenses of defendant; (2) in admitting oral evidence to vary the terms of a written instrument; (3) failure to state in writing findings of fact separately from conclusions of law; and (4) lack of evidence to sustain the judgment.

On former appeal, Camp et al. v. Black Gold Petroleum Co., 189 Okla. 692, 119 P. 2d 815, judgment for defendant was reversed. It was then definitely determined, as stated in the syllabus of the opinion, that the judgment could not be sustained upon the ground that plaintiffs failed to perform the conditions of the contracts of sale and purchase by securing a decree quieting title in them within a reasonable time, or upon the further ground that the contract of sale and purchase was void.

Upon remand, the case was tried to the court sitting as a jury. Consequently, if there is any evidence reasonably tending to support the judgment, it must be sustained. Barron v. Chicoraske, 189 Okla. 35, 113 P. 2d 376.

Under the first proposition submitted on appeal, plaintiffs contend that failure of defendant to deny under oath the judgment quieting title, annexed to the petition, was fatal to the defense. We think otherwise because, while the defense of failure on the part of plaintiffs to quiet title within a reasonable time was an issue adjudicated on former appeal, other defenses were pleaded which, if good, were sufficient. Otherwise, the cause would not have been reversed with directions to proceed.

One such defense was failure at any time to deliver the community oil and gas lease. Undoubtedly, as the trial court viewed the case, the contract of sale and purchase was not complete until that requirement was fulfilled.

Performance of the contract in detail was alleged by plaintiffs and denied by defendant. A judgment favorable to plaintiffs would require establishment of performance. Roudebush v. Snell, 103 Okla. 291, 229 P. 1067. Plaintiffs had the burden of proving every fact essential to their cause of action. National Surety Co. v. Board of Education, etc., 36 Okla. 569, 129 P. 25; Anderson & Kerr Drilling Co. v. Bracht, 177 Okla. 394, 60 P. 2d 758.

While the evidence shows Mr. Cole testified he delivered to the agent of the defendant the community oil and gas lease, plaintiffs' Exhibit C attached to the petition shows this lease was dated May 14, 1936, and signed only by John P. Camp, whereas the contract of sale and purchase existed between Camp, Cole, and Grace, and by the terms of the contract, Cole and Grace were to receive an undivided one-half interest in lots 36 and 37 in consideration of their action in clearing title to the lots. If Grace and Cole performed under the contract, by reason thereof they owned a half interest in the property involved and the contract signed by the three plaintiffs might be required for performance on their part. At any rate, defendant's evidence disputed delivery of the instrument as claimed by plaintiffs and the result was subject to the judgment of the trial court. The lease signed by Camp, within its own terms, provided for its expiration and under the view of the trial court did not fulfill the requirements of the contract. Contracts must be performed according to the terms before

recovery can be had thereon. Messick v. Johnson, 167 Okla. 463, 30 P. 2d 176; Hud Oil & Refining Co. v. Smith et al., 179 Okla. 412, 65 P. 2d 1011; Banks v. City of Ardmore, 188 Okla. 611, 112 P. 2d 372.

That which has been said deals strictly with performance of the contract. It has nothing to do with the time of performance such as heretofore considered on the first appeal. However, in view of express contract provision in the only lease to the lots introduced in evidence, wherein express provision was made for expiration thereof, time might have been considered of the essence of the contract. Garfield Oil Co. v. Champlin, 103 Okla. 209, 229 P. 824; Parker et ux. v. Ryan, 143 Okla. 187, 287 P. 100; Twin Lick Oil Co. v. Marbury, 91 U. S. 587, 23 L. Ed. 328.

No reversible error occurred by reason of the trial court's failure to formally make findings of fact separately from conclusions of law. The request was not apt in time. Black, Sivalls & Bryson v. Farrell, 131 Okla. 249, 268 P. 276; Calloway v. State ex rel. Mothersead, 117 Okla. 43 246 P. 873. "Letter written by the court should be considered as separate findings of fact and conclusions of law. . . ."Peebles v. Kansas Life Insurance Co., 175 Okla. 231, 52 P. 2d 747; Reed v. Richards & Conover Hdw. Co., 188 Okla. 452, 110 P. 2d 603. Especially when substantial justice has been done. In re Riddle's Estate, Garner v. Lamm, 165 Okla. 248, 25 P. 2d 763. The evidence clearly sustains the judgment rendered. Potts v. First State Bank, etc., 51 Okla. 162, 151 P. 859.

Affirmed.