WALDEN et al. v. AUTOMOBILE BROKERS, Inc.

No. 31501. May 1, 1945.

Rehearing Denied May 22, 1945.

*160 P. 2d 400.*

O. B. Martin, of Blackwell, for plaintiff in error Dr. Dewey H. Walden.

John M. Lawrence, of Oklahoma City, pro se.

Wertz, Hiebsch & Zacharias, of Wichita, Kan., and Neal A. Sullivan, of Newkirk, for defendant in error.

PER CURIAM. On the 26th day of September, 1942, Automobile Brokers,

Incorporated, a corporation, hereinafter referred to as plaintiff, filed its action against the defendants, Dewey H. Walden and John M. Lawrence, to rescind a contract and to recover the damages in connection therewith growing out of the sale and delivery of an automobile by the plaintiff to Dewey H. Walden. Judgment was for the plaintiff against both defendants. There was a judgment in favor of defendant John M. Lawrence against Dewey H. Walden. Both defendants appeal and join in a common petition in error.

The evidence substantially discloses that on June 18, 1942, Dewey H. Walden went to Wichita, Kan., to the place of business of plaintiff for the purpose of purchasing the automobile in question. At that time he signed a purchase agreement. He did not have the certificate of purchase required to be obtained by the Federal Government. Being a physician, he was assured that he was qualified to obtain the certificate and returned to his home in Blackwell, Okla., obtained the certificate, and on or about July 24, 1942, returned to the place of business of plaintiff in Wichita, Kan., and there executed a second agreement to purchase the automobile in question. Subsequent thereto, the salesman in charge of the sale of the automobile to the defendant Walden went from his place of business in Wichita, Kan., to the place of business of Dewey H. Walden for the purpose of delivering the automobile. When he arrived at the place of business he was told by the defendant Walden that the wife of the defendant was not satisfied with the transaction and desired to take a ride in the automobile. The agent, Paul Seifert, left the chattel mortgage and the notes representing the mortgage transaction in the office of the defendant Walden and took the wife of the defendant for a demonstration ride in the automobile. He returned to the office of the defendant Walden, who then and there executed the notes and chattel mortgage, delivered them to the agent Seifert, who delivered them to the place of business of the plaintiff, after which they were transferred to a finance company. Subsequent to the transfer it was discovered that there was inserted in the mortgage the following clause, "mortgagor granted nine months extension on any or all payments." The finance company demanded that plaintiff repurchase the paper and this was done. This action resulted.

The closely contested question of fact in the case at bar is whether or not the agent, Paul Seifert, inserted the clause by writing it in on a typewriter in the office of the defendant Walden or whether it was placed therein without the knowledge and consent of the plaintiff or of Paul Seifert, the agent of the plaintiff. The court found in favor of plaintiff on this issue and there is ample evidence to sustain the finding of the court in this respect. Subsequent to the date of the execution of the notes and mortgage to the plaintiff by the defendant Walden, a chattel mortgage was executed to the defendant John M. Lawrence for legal services arising prior to the date of the execution of the mortgage to the plaintiff, and as stated above he appears herein as a joint plaintiff in error.

It is first argued that the judgment cannot be sustained for the reason that the court erred in holding that the plaintiff was not doing business in the State of Oklahoma within the purview and meaning of 18 O.S. 1941 §§ 451-454, which, in effect, denies the right of a foreign corporation the use of courts of this state, and declares a contract made in violation of the terms of the enactment void as to the corporation where there is not a compliance with the provisions. We are of the opinion, and hold, that the court did not err in finding that the acts and conduct of plaintiff did not constitute doing business within the State of Oklahoma. Fuller v. Allen, 46 Okla. 417, 148 P. 1008; Harrell v. Peters Cartridge Co., 86 Okla. 684, 129 P. 872, 44 L.R.A. (N.S.) 1094; Fruit Dispatch Co. v. Wood, 42 Okla. 79, 140 P. 1138; Dunn v. Birmingham Stove & Range Co., 170 Okla. 393, 44 P. 2d 86; Metal Door & Trim Co. v. Hunt, 170 Okla. 240, 39 P.

2d 72. As stated in Metal Door & Trim Co. v. Hunt, supra, this court has followed the rule that in order to be doing business within the State of Oklahoma within the purview of said above sections there must be a series of acts showing an intention to do business in violation of the statutes and a single instance or transaction does not contravene the terms of the statutory enactments.

It is next argued that the chattel mortgage was void because it was not witnessed or otherwise authenticated before being filed with the county clerk. There is no substantial authority cited to show that the chattel mortgage is not valid as between the parties, and the only argument made on this point is the inference that the defendant Lawrence has a prior and superior mortgage to that of the plaintiff. In Haley v. Wyte, 169 Okla. 406, 38 P. 2d 910, we held that a joint assignment of error must affect all jointly and not severally as to all who join in it, or it will be good as to none. Defendant Lawrence is in no position to present the alleged priority of his mortgage for the reason that this assignment is not good as to the defendant Walden.

In the third proposition defendants urge that the plaintiff waived or accepted any fraud practiced when it accepted the chattel mortgage and filed the same with the county clerk. This contention is without substantial merit. We hold that fraud sufficient to authorize the rescission of the contract and the suit for damages is supported by the evidence under the following cases: Enid Bank & Trust Co. v. Noll, 183 Okla. 647, 84 P. 2d 24; State National Bank v. Scales, 60 Okla. 225, 159 P. 925.

In this connection it is argued that the plaintiff is estopped to deny that it accepted the mortgage in the condition in which it was found on delivery to Paul Seifert. There is no element of estoppel in the case at bar which could be argued by the defendant Walden, for we must assume that the trial court found from the evidence offered that the defendant Walden inserted the clause without knowledge or consent of the plaintiff or its agent, Paul Seifert. As stated above, under the rule laid down in Haley v. Wyte, supra, it is unnecessary to determine whether there was any estoppel that would work in favor of the defendant Lawrence, for he joins in the petition in error of the defendant Walden, and this assignment of error would not be good as to defendant Walden and therefore not good as to defendant Lawrence.

It is next argued that the court erred in receiving testimony of the first transaction on June 18, 1942, relating to the purchase of the automobile in Wichita, Kan. It tended to disclose the commencement and therefore the nature of the transaction in the case at bar. In view of our holding that regardless of where the contract was consummated the transaction was a single instance within the rule of the heretofore announced cases, any evidence touching the question as to where the contract was actually completed is immaterial. We find no substantial error in allowing the introduction of the first purchase agreement.

Finally, it is argued that the court erred in refusing to make findings of fact and conclusions of law at the request of the defendants. No request for findings of fact and conclusions of law was made until the court stated that it held in favor of the plaintiff and against the defendants. Thereupon the defendants requested findings of fact and conclusions of law. This request came too late. Calloway v. State, 117 Okla. 43, 246 P. 873; Smith v. Harrod, 29 Okla. 3, 115 P. 1015; Beck v. Finley, 77 Okla. 213, 187 P. 488; Smith v. Smith, 80 Okla. 136, 184 P. 82; and Etchen v. Texas Co., 82 Okla. 62, 199 P. 212. Therein it is held that where a request for special findings of fact and conclusions of law is not made until after the court has announced what the judgment will be, it is not reversible error to refuse such request.

The judgment of the trial court is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur.