PUGH v. HASSELL et al.

No. 34847.    March 11, 1952.

Rehearing Denied April 8, 1952.

*242 P. 2d 701.*

Owen F. Renegar, Oklahoma City, for plaintiff in error.

William R. Herring and Lee Gill, Oklahoma City, for defendants in error.

GIBSON, J. The parties have the same order of appearance in this court as in the trial court and will be referred to as plaintiff and defendants.

In his amended petition plaintiff alleges that prior to October 10, 1944,

he conducted a grocery business in Oklahoma City and had established an extensive trade; that he had leased the building in which he conducted his business from a former owner and had an oral agreement for the privilege of renewal for one year. He further charged defendants with entering plaintiff's premises and unlawfully and without authority seizing certain chattels and appropriating the same to their own use; that defendants conspired together to destroy plaintiff's business and to cripple and bankrupt him, all to his damage and he prayed judgment in the sum of $4,175. Issue was joined and a jury trial was waived and the cause tried to the court. Judgment was rendered for the defendants, and plaintiff appeals.

The evidence reveals that while plaintiff leased the premises from a former owner, who was not made a party to this action, said former owner prosecuted an action for forcible entry and detainer against plaintiff in justice court, and after a jury trial, judgment was rendered against the plaintiff in this action and that judgment has become final.

Following that action plaintiff sold his grocery store and moved from the building but left therein a display counter and refrigerator and some personal effects. More than a month following the rendition of the judgment in justice court the defendant Hassell purchased the building and began certain improvements. He had difficulty locating plaintiff but, after some delay, his agent requested plaintiff to remove his property. Plaintiff refused, demanding that he be paid some kind of compensation. Defendant Hassell then notified plaintiff by registered letter that he was storing the chattels at Kings Van & Storage Company in plaintiff's name and subject to his order but also subject to storage charges. By the time the case was tried, several years later, the storage charges had accumulated in the sum of $134.18. The trial court rendered judgment in favor of defendant Kings Van & Storage Company for that sum, against defendant Hassell, who had guaranteed payment of storage charges.

In his brief plaintiff argues two propositions. He first say defendants were guilty of conversion and damages should have been awarded him, and secondly, that plaintiff's property was taken without due process of law.

There is no merit to either of these contentions. With the burden of proof on plaintiff he wholly failed to establish a conversion.

"Conversion is the unlawful and wrongful exercise of dominion, ownership, or control by one person over the property of another, to the exclusion of the exercise of the same rights by the owner, either permanently or for an indefinite time. Griffith v. McBride, Adm'x, 188 Okla. 227, 108 P. 2d 109.

There was no unlawful act by defendants here; no exercise of dominion, ownership or control over plaintiff's property except such as was necessary to protect it from loss or damage, and there was no exercise of dominion, ownership or control of the property, to the exclusion of the same rights by plaintiff, the owner, when defendant Hassell was, at all times, endeavoring to persuade plaintiff to take back his property. Plaintiff could have recovered his property prior to the accrual of any charges for storage.

After the judgment was rendered against plaintiff in the wrongful detainer action, it was the duty of plaintiff to remove his property from the building, of which he was no longer a tenant. When he failed to do this the defendant Hassell, as owner of the building, had the right to remove the property in a proper manner, doing no wanton injury thereto. In using such care Hassell was under no obligation to keep and protect the property free of expense until plaintiff saw fit to take it away. 32 Am. Jur. p. 718, §842; Lash v. Ames, 171 Mass. 487, 50 N. E. 996; Lee Tung v. Burkhart, 59 Ore. 194, 116 P. 1066.

Since there was no conversion it cannot be said that plaintiff's property was taken without due process of law.

A jury was waived in this case and after consideration of all the evidence the trial court resolved all issues against the plaintiff. It is a well settled rule in this jurisdiction that when a jury is waived the findings of the court are entitled to the same weight and consideration that would be given to a verdict of a jury, and if there is any evidence reasonably tending to support the findings this court will not reverse the decision and judgment. Lawton Coca-Cola Bottling Co. v. Shaughnessy, 202 Okla. 610, 216 P. 2d 579.

Affirmed.

HALLEY, V. C. J., and WELCH, CORN, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.