Roy J. WEST, Jr. and Socony Mobil Oil Company, Inc., Plaintiffs in Error,

v.

INDEPENDENT SCHOOL DISTRICT NO. 2, McCLAIN COUNTY, Oklahoma, Defendant in Error.

No. 41006.

Supreme Court of Oklahoma.

Dec. 21, 1965.

Rehearing Denied Jan. 25, 1966.

Application for Leave to File Second Petition for Rehearing Denied March 15, 1966.

Ballard & Ballard, Purcell, S. M. Groom, Jr., Oklahoma City, Charles B. Wallace, Dallas, Tex., Frank C. Bolton, Jr., New York City, and Robert W. Richards, Oklahoma City, for plaintiff in error.

George Bingaman and Thomas G. Smith, Purcell, for defendant in error.

HALLEY, Chief Justice.

This litigation arises out of a collision between two motor vehicles at intersecting roads. Parties will be referred to as they appeared in the trial court.

Plaintiff is an Independent School District in McClain County. On January 29, 1962 at approximately the hour of 4:10 P.M. one of the school buses operated by the defendant for the purpose of transporting school pupils, driven by its employee, Paul Willard Methvin, was traveling north on a county section line road and entered the intersection of the road with State Highway #122. At the same time and place an automobile owned by the defendant corporation and driven by its employee, the defendant Roy J. West, Jr., was traveling west on State Highway #122 and entered the intersection. The intersection was an open one not controlled by signal devices nor stop signs. A collision occurred between the two vehicles in the intersection. Plaintiff sustained damage to its bus for which it seeks recovery in this action. The crucial question presented at the trial was, "Which driver was at fault?"

The parties waived a jury trial and the case was tried before the District Judge in the District Court of McClain County on January 22, 1964. Both parties filed suggested findings of fact and conclusions of law. The trial court on February 3, 1964 filed his written findings of fact and conclusions of law finding in favor of the plaintiff. Defendants prosecute the present appeal directly to this Court on the original record from the findings of fact and conclusions of law entered by the trial judge. Pure Oil Co. v. Quarles, 183 Okl. 418, 82 P.2d 970. No transcript of the evidence is included in the appeal record. Plaintiff

contends the appeal should be dismissed. Defendants filed notice in the trial court of their intention to appeal on the original record on February 13, 1964. The appeal was lodged in this Court on May 1, 1964. The basic requirements for appealing to this Court on the original record under the provisions of 12 O.S.1961, §§ 956, 956.1, 956.2, and 956.3 were met. Diehl v. Phillips Petroleum Co., Okl., 376 P.2d 203; Garrett v. Watson, Okl., 342 P.2d 560.

■ Plaintiff contends that the appeal should be dismissed because of the failure of the defendants to file a motion for new trial. This Court in Poafpybitty v. Skelly Oil Co., 394 P.2d 515, held that under the provisions of H.B. 562, S.L.1963, p. 326, 12 O.S.Supp., 1963 § 651, the filing of motion for new trial in the trial court, to be a required prerequisite to the prosecution of an appeal to this Court, but that the rule declared should "apply with effect only to appeals in cases where judgment was rendered after this opinion becomes final." The judgment in the instant case was entered and the appeal lodged in this Court several months before the effective date of the ruling in Poafpybitty v. Skelly Oil Co., supra. The motion to dismiss the appeal is denied.

Defendants do not challenge the correctness of the findings of fact made by the trial judge. Their sole contention is that Conclusions of Law 3 and 4 entered by the trial judge were erroneous and not justified under the admitted facts. Conclusions of Law 3 and 4 read,

"3. The driver of the plaintiff's school bus was without fault in the operation of his motor vehicle.

4. The driver of defendant's vehicle violated his duty toward plaintiff in failing to observe the bus which had already entered the intersection while defendant yet had adequate time to avoid the collision by use of means under his control, such as brakes or steering mechanism. This constitutes negligence, which was the sole and proximate cause of the collision and resulting damage to plaintiff."

Concisely stated, the trial court found the issues in favor of the plaintiff and against the defendants.

The quoted Conclusions of Law were bottomed on Findings of Fact 5, 6, 7 and 8. Summarized, the facts reflected in these findings of fact are as follows: The school bus operated by plaintiff was traveling north on a county section line road. Just prior to the accident and south of the intersection involved, the bus stopped at a house and discharged a passenger. The school bus pulled up slightly past the fence line located 50 feet south of the center and 40 feet south of the intersection. A barn or outbuilding, the north edge of which was 50 feet south of the center of State Highway #122, blocked the vision of any vehicle on the west side of the barn and traveling on the county line road. The line of vision from the south edge of the intersection of State Highway #122 and the county section line road to the crest of the hill 400 feet east of the intersection is unimpeded by any obstruction. The driver stopped the bus at the fence line, opened the door, looked to the east, then to the west and proceeded into the intersection at a speed of two to five miles per hour. The bus driver looked to the east again upon entering the intersection and first saw defendant's car proceeding west down the hill toward the intersection.

The defendant, West, first saw the school bus entering the intersection at a point when he was approximately 150 feet east of the intersection. He then blew his horn, applied his brakes and skidded the car he was driving for a distance of 75 feet before striking the school bus. The collision occurred at a point 8 feet south of the north edge of the intersection and 6 feet west of the east edge of the intersection. The front of defendant's automobile struck the right front fender and right door of the bus causing damages to it.

The defendant, West, having clear observation of the intersection for 400 feet, traveling at approximately 60 miles per

hour, or 88 feet per second, had approximately four and one-half seconds to observe the intersection and plaintiff's bus before entering the intersection. Backing plaintiff's vehicle from the point of impact or collision between the vehicles, at a speed of 5 miles per hour or approximately 7 feet per second, conclusively demonstrates that the school bus first entered the open intersection where no traffic controls existed.

The amount of the judgment is not contested.

The findings of fact, undisputed and uncontradicted, sustain conclusions of law entered by the trial court and the judgment entered in favor of the plaintiff. The fact that the driver of defendant's car had an unobstructed view of the intersection for a distance of 400 feet and skidded the car he was driving 75 feet before striking the school bus, uncontradicted, warranted a finding that he was driving the car at greater rate of speed than was "reasonable and proper" and "at a speed greater than ['would'] permit him to bring it to a stop within the assured clear distance ahead" in violation of Title 47, Section 11–801(a), O.S.1961. Such fact, standing alone, fully sustains the conclusion of law of the trial court that the "negligence" of the defendant, "was the sole and proximate cause of the collision and the resulting damage to the plaintiff."

In Stegall v. Davis, Okl., 280 P.2d 706, this Court held that in cases involving collisions of motor vehicles at intersecting highways,

"* * * regardless of which motorist may have had the statutory right-of-way neither was relieved from a duty of exercising reasonable care and caution not to injure another at the intersection. Sinclair Oil & Gas Co. v. Armour, 172 Okl. 442, 45 P.2d 754."

The Oklahoma Court is firmly committed to the rule that where a jury is waived in a cause triable to a jury and the cause is tried to the court, the findings of the trial court are entitled to the same weight and consideration that would be given to the verdict of a jury, and a judgment based on conflicting evidence which reasonably tends to support the judgment will not be disturbed on appeal. Muskogee Indus. Finance Corp. v. Perkins, Okl., 361 P.2d 1065; Pugh v. Hassell, 206 Okl. 290, 242 P.2d 701; Camp v. Black Gold Pet. Co., 195 Okl. 30, 154 P.2d 769; Sunshine Oil Co. v. Chantry, 186 Okl. 49, 96 P.2d 20. The Supreme Court will not reverse the finding of the trial court for insufficient evidence if there is any evidence including any reasonable inferences therefrom, tending to support the findings. Western Steel Erection Co. v. Gatlin, Okl., 319 P.2d 607.

Judgment affirmed.

JACKSON, V. C. J., and WILLIAMS, BERRY, HODGES and LAVENDER, JJ., concur.

DAVISON, BLACKBIRD and IRWIN, JJ., concur in result.